Ed. Vieno v. James Gibson et al.

No. 5.

1. **Vendor's Lien — Foreclosure, only one Allowed.** — Vendor's lien was reserved in two promissory notes. The notes were transferred to the same holder, who on maturity of the first note by suit foreclosed the lien in favor of the first note, making no provision for the second. The land was sold under the decree. At the sale it was announced that the land was subject to the second note. *Held*, that the purchaser took the land discharged of liability for the second note.

2. **Same—Foreclosure.**—One holding several liens upon the same property can have but one foreclosure. The purchaser takes title against the liens not foreclosed, although knowing of such other liens.

Writ of Error to Court of Civil Appeals for First District, in a case from Cherokee. Tried below before Hon. James I. Perkins.

By writ of error Vieno sought to have the decree of the District Court revised, wherein it was held that he had no right to a foreclosure of a vendor's lien note which he held, he having had a decree of foreclosure and sale of the land to secure payment of another purchase money note for same land, and which also had been transferred to him.

The judgment below was in all things affirmed by the Court of Civil Appeals of the First District.

In application for writ of error complaint was, "that the Court of Civil Appeals erred in deciding as matter of law, on the unquestioned facts, that the first suit was an abandonment by Vieno of the lien secured by the second note for purchase money, and that the effect of his judgment on the first note was to divest Vieno of all claim against the land, though McKee & Harris (purchasers at the foreclosure sale) bought with full notice; that the decision that the first judgment was res adjudicata was error, it being shown that the petition expressly excluded the second note from the judgment sought, it not being then due and no adjudication sought concerning it.

"That the court erred in holding, in effect, that the rule as laid down concerning a mortgage to secure an ordinary debt is the same as where the note is evidence of unpaid purchase money for land. It is contended, that from the fact of the second note being for a part of the purchase money for land, Vieno had the right to subject it to another sale for the payment of such unpaid purchase money, or to a foreclosure in the hands of McKee & Harris, who had full notice of the lien and claim thereon."

Writ of error was granted.

*C. G. White*, for plaintiff in error.—The fact that the plaintiff in error held two notes, both of which are a vendor's lien on land, and brought suit and foreclosed his lien on first note, the second not being due, does not preclude him from bringing suit on the second note after its matur-

ity, and also foreclosing his lien secured by the second note, especially while the land is in the hands of purchasers at the first sale, who knew of his claim of lien on the second note at the time of their purchase. Franks v. Williams, 37 Texas, 25; Irvin v. Garner, 50 Texas, 48; Pitman v. Henry, 50 Texas, 357; Byrnes v. Morris, 53 Texas, 214.

*John C. Walker*, also for plaintiff in error.

*McClure & Gibson*, for defendants in error.—1.  Where the vendor transfers the purchase money note or notes, he transfers the lien on the land, and no more, to secure the payment of the purchase money.  It then becomes an executed contract, so far as the vendor is concerned, and the interest of the holder of the notes in the land sold is only an equitable interest for the purpose of securing the payment of his notes; he can not assert any other interest or title in the land except to enforce his lien.  Russell & Seisfield v. Kirkbride, 62 Texas, 455;  Baker v. Compton, 52 Texas, 262.

2.  A foreclosure is a proceeding on the part of the holder of the lien or claim to subject the property, either directly, or its proceeds, towards the payment of the debt, thereby barring or foreclosing the vendor's or mortgagor's right to redeem; and if the foreclosure is by sale in a judicial proceeding, the purchaser gets the title to the land as against all the parties to the foreclosure suit.  8 Am. and Eng. Encyc. of Law, 185, 186, notes 2, 3; 2 Jones on Mort., 2 ed., 1390, 1431, 950;  Peters v. Clements, 46 Texas, 124;  Porterfield v. Taylor, 60 Texas, 264.

GAINES, Associate Justice.—One R. D. Yoakum sold a tract of land to defendant in error Gibson and one Harmon Rose, and thereupon the vendees executed to him their two promissory notes for the purchase money.  These notes were made payable to the vendor or bearer, and were transferred to the plaintiff in error before maturity.  The vendor's lien having been expressly retained in the deed to secure the payment of the purchase money, after the first note fell due and before the maturity of the second, the plaintiff in error brought suit upon it against the makers, alleging the facts showing the lien upon the land, and prayed a foreclosure.  The execution of the second note was also alleged in the petition, but there was no prayer for any relief in regard to it.  The plaintiff in error obtained a judgment upon the first note, with a decree establishing the lien and ordering a sale of the land in satisfaction of the judgment.  There was no provision in the decree with reference to the note not due.

The land was sold under an order of sale issued in pursuance of the decree, and the defendants in error McKee and Harris became the purchasers.  The amount of the bid was much less than the value of the land,

and did not satisfy the judgment. The plaintiff's attorney was present at the sale, and gave notice that the second note was outstanding, and that the plaintiff claimed a lien upon the land for its payment.

This suit was brought by the plaintiff upon the second note for the recovery of a judgment for the debt, and to enforce the lien upon the land for which it was given. Gibson, one of the makers, and McKee and Harris, purchasers of the land at the sale under the decree, were made parties defendant to the suit. Rose, the other maker, was alleged to be insolvent and absent from the State, and was not made a party. The trial court held, that the lien was discharged, and gave judgment against Gibson only. That judgment was affirmed in the Court of Civil Appeals.

We have had grave doubts as to the correctness of that ruling, but an exhaustive examination of the authorities satisfies us that it is proper. The plaintiff being the transferree of the notes given for the purchase money of the land, his case is not essentially different from that of a mortgagor who holds two notes, maturing at different dates, secured by the same mortgage, and who has caused the land to be sold for the satisfaction of one note before the maturity of the other, without having secured in the decree any provision for the payment of the second note from the proceeds of the sale, or any express reservation of a lien upon the land for its payment. That the purchaser at a sale under such a decree takes the land discharged of the lien of the second note, is affirmed by the text-writers, and the doctrine is sustained by an almost, if not quite, unbroken line of adjudicated cases. Wiltsie on Mort. Foreclosure, sec. 494; 2 Jones on Mort., sec. 1459; 8 Am. and Eng. Encyc. of Law, note on p. 196; West Bank v. Chester, 11 Pa. St., 282; 51 Am. Dec., 547; Poweshiek County v. Riley, 36 Iowa, 244; Kimmel v. Willard, 1 Darg. (Mich.), 217; Miles v. Skinner, 42 Mich., 181; Smith v. Smith, 32 Ill., 198; Standish v. Vosberg, 27 Minn., 175; Fowler v. Johnson, 26 Minn., 338; McLean v. Presley, 56 Ala., 211.

The principle upon which the ruling is based seems to be, that since the decree in such a case orders the sale of the whole land, without any express reservation in favor of any encumbrance, the sale will pass all the rights of the parties in and to the property to the purchaser; that is to say, the latter will take the title of the defendant discharged of the lien of the plaintiff for his future installment. It has been announced, that in the event the purchase money be more than sufficient to satisfy the judgment, the lien for any subsequent installment will be transferred to the surplus. If this be correct, the rule that the land is discharged is not so inequitable as upon first blush it would seem to be.

We find no error in the judgment of the Court of Civil Appeals, and it is affirmed.

*Affirmed.*

Delivered March 16, 1893.