JOHN H. TRAYLOR ET AL. v. THE STATE OF TEXAS.

Delivered May 11, 1898.

1. **Assignment of Error Too General.**

An assignment of error to the overruling of "defendant's special demurrer" is too general for consideration where the defendant's answer contains eight special demurrers, and it does not appear that any one of them was presented to or acted on by the trial court.                    .

2. **Practice on Appeal—Objections to Evidence Below.**

The objection that a tax list in evidence does not sufficiently describe the property upon which the lien is asserted, is insufficient to save for appeal the objection that the parties against whom it is offered are not shown in anywise to be connected with the tax list or the land therein described.

3. **Tax Lien—Dedication.**

Evidence in an action to recover taxes assessed upon land, that the property taxed had been dedicated to the public, is not admissible in the absence of any evidence that it was owned or claimed by the public by virtue of such alleged dedication at the time the taxes claimed were assessed or at any time thereafter.

4. **Same—Double Sales to State.**

The State may, under article 5232c, Revised Statutes, enforce a tax lien against land already sold to it for taxes.

5. **Assignment of Error—Briefs.**

Assignment of error not copied into appellant's brief will not be considered.

APPEAL from Aransas. Tried below before Hon. M. F. LOWE.

*James B. Simpson,* for appellants.

*E. A. Stevens,* for appellee.

NEILL, ASSOCIATE JUSTICE.—This suit was instituted by the State against John H. Traylor, James B. Simpson, Harriet J. Simpson, William D. Simpson, Jr., the Texas Loan and Realty Company, and Charles

B. Peck, to recover State and county taxes for the years 1892, 1893, and 1894, alleged to be due upon a block of land known as Merchants Square or Aransas Hotel, in the city of Rockport, and to foreclose the lien thereon for the amount of taxes due. Judgment was rendered foreclosing the lien, and against the defendants for costs.

*Conclusions of Fact.*—It is shown by the delinquent tax list of Aransas County, which is duly certified to by the Comptroller and recorded by the county clerk in the "Delinquent Tax Record of Aransas County," and published as required by law, that State and county taxes aggregating $544.18 were duly assessed against the Merchants Square or Aransas Hotel for the years 1892, 1893, and 1894; that such taxes so assessed for each year respectively were unpaid, and that the property was sold and bid in by the State of Texas for such taxes.

*Conclusions of Law.*—1. Appellants' first assignment of error is: "The court erred in overruling defendants' special demurrer." In view of the fact that defendants' answer contains eight special demurrers to appellee's petition, this assignment is too general to be considered. Besides, it does not appear from the record that any special demurrer was presented to or acted upon by the court.

2. The second assignment of error is: "The court erred in admitting the delinquent tax list in evidence as showing any tax lien against James B. Simpson, Harriet J. Simpson, William D. Simpson, Jr., the Texas Loan and Realty Company, or Chas. B. Peck, Jr., said parties being in nowise shown to be connected with said tax list or said land."

The grounds of objection set out in this assignment to the introduction of the delinquent tax list were not urged in the trial court. The only objection there made was that said tax list did not sufficiently describe the property upon which the lien is asserted. We can not, therefore, consider objections to the admission of testimony not made in the trial court.

3. The evidence offered by appellants for the purpose of showing that the property upon which the lien is asserted had been dedicated to the public did not tend to show that it was owned or claimed by the public by virtue of the dedication sought to be proved at the time taxes claimed were assessed or at any time thereafter. Therefore the court did not err in excluding such testimony.

4. It is urged in the eighth and ninth assignments that the property having been sold and bid in by the State for its taxes, the lien asserted could not exist. Article 5232b, Revised Statutes, declares that "said taxes shall remain a lien upon said land."

5. The tenth, eleventh, twelfth, and fourteenth assignments of error are not copied in appellants' brief, and will not be considered.

No error is assigned which requires a reversal of the judgment, and it is affirmed.

*Affirmed.*

Writ of error refused.