CITY OF HOUSTON v. D. W. BARTLETT.

Decided April 17, 1902.

**1.—Tax Sale Without Reserve—Other Liens Discharged.**

Where a city recovered a tax judgment against certain real property for the taxes of certain years, and afterwards recovered another judgment against the same property for taxes of other prior and subsequent years, and had the property sold without reservation under the latter judgment, the purchaser took the property free from any lien under the first judgment. The tax purchaser had no actual notice of the existence of the other judgment, but such notice, it seems, would have made no difference.

**2.—Same—Exhausting Security—Release of Tax.**

Since the city, by such sale without reservation, merely exhausted the security it held in favor of the other judgment, there was no violation of a provision of the city charter prohibiting the release or compromise of unpaid taxes.

**3.—Same—City Charter as to Tax Lien.**

A provision of the city charter that anyone purchasing property incumbered with taxes should be deemed as to such taxes a delinquent taxpayer, taking it charged with the lien, does not apply to a purchaser under a tax sale made by the city, but only to the purchaser from a delinquent taxpayer.

**4.—Same—Municipal Corporations—Rights as Litigant.**

The city was bound by the action of her attorney in making the sale without reservation the same as any other party litigant, and that the lien so held discharged was for taxes does not affect the case.

Error from Harris.    Tried below before Hon. Chas. E. Ashe.

*Stewart, Stewart & Lockett* and *Joe M. Sams,* for plaintiff in error.

*J. W. Campbell,* for defendant in error.

PLEASANTS, ASSOCIATE JUSTICE.—Defendant in error brought this suit to cancel and remove a cloud upon his title to lots 6, 7, and 8 and one-half of lot 12, in block 83 in the city of Houston, a tax lien claimed by said city upon the above described property to secure the payment of taxes assessed by the city against said property for the years 1894, 1895, and 1896. The city of Houston answered by general and special exceptions and general denial and by special pleas setting up that the taxes upon said property for the years above mentioned were due and unpaid, and that at the time the defendant in error purchased the property he knew that said taxes were due and unpaid and that the city had recovered a judgment for same and foreclosed its tax lien, which judgment had never been satisfied; and that the city of Houston could not be estopped from the collection of said taxes by any acts, omissions, mistakes, or wrongdoings of the sheriff or district clerk of Harris County, or the city attorney of said city. Briefly stated, the facts disclosed by the record are as follows:

On July 17, 1897, the city of Houston recovered a judgment against E. A. & R. A. Grant for $336.37, taxes due for the years 1894, 1895, and 1896 upon the property above described, with foreclosure of tax lien

and an order of sale of said property.   At the time this suit was brought taxes were also due upon said property for the years from 1887 to 1893, inclusive, but said taxes were not included in the suit, and no mention of same nor of the city's lien for said taxes was made in the petition or in the judgment rendered thereon.   No order of sale was issued on this judgment until August 4, 1900.   In the meantime, on September 8, 1898, the city of Houston recovered a judgment against E. A. & R. A. Grant for $749 taxes due on said property for the year from 1887 to 1893 inclusive and also for the year 1897, with foreclosure of tax lien on said property and order of sale.   Neither the petition nor the judgment in this case mentioned the former judgment or the tax lien foreclosed in the former suit.   Upon this judgment an order of sale was issued on August 22, 1899, under instructions of the city attorney of the city of Houston, and the property was sold by the sheriff of Harris County in the manner prescribed by law and purchased by Mrs. A. B. Looscan for $843.   This money was received by the city of Houston and the sheriff executed a deed for the property to Mrs. Looscan, regular in all its recitals.   This deed was promptly recorded, and in November, 1900, Mrs. Looscan conveyed the property to the defendant in error, who paid a valuable consideration therefor, had his deed recorded and took possession of the property, and is now holding possession of same.   No notice was given at the sheriff's sale of the former judgment for taxes or of any claim for taxes by the city other than that evidenced by the judgment under which the sale was made, and Mrs. Looscan had no actual notice of such claim.   At the time the defendant in error purchased from Mrs. Looscan he knew that the city was asserting a lien upon the property under the judgment rendered in 1897.   It was not shown that the amount paid by Mrs. Looscan to the city for said property was not the full value of the same at the time of such sale.   It was not shown that the city had formally ratified the act of the city attorney in having the property sold under the second judgment.

The cause was tried by the court below without the intervention of a jury, and judgment rendered in favor of defendant in error in accordance with the prayer of his petition.   We are asked to reverse this judgment for the following reasons:

1.   Because the city of Houston, being a municipal corporation chartered under the laws of the State of Texas, can not be estopped from the collection of taxes by acts, omissions, mistakes, or wrongdoings of the sheriff or district clerk of Harris County, or the city attorney of the city of Houston, or any other person.

2.   Because under section 40 of the charter of said city, suit can be brought by the city for all taxes due by property owners for the year 1875 and for any subsequent year, and any person who shall purchase property incumbered with taxes shall be deemed as to such taxes a delinquent taxpayer, and such person takes the property charged with a lien, and he can not interpose any defense which his vendor might not have interposed had he continued to be the owner.   From which it is

contended that Mrs. Looscan by the purchase of the property in question became a delinquent taxpayer as to the taxes still due upon said property, and took the property charged with the lien for same.

3. Because by said section of the charter it is provided that "in no case shall the city council, or any member of the city council, or officer of the city, discount, remit or compromise any tax legally due the city." From which it is contended that it follows that any act of an officer of the city which would result in the remission of taxes would be wholly beyond the authority of the officer and therefore not binding upon the corporation.

4. Because the judgment canceling the tax lien is contrary to the constitutional provision declaring that taxes shall be equal and uniform.

5. Because such judgment is contrary to the constitutional provision which declares that "the Legislature shall have no power to release or extinguish or to authorize the releasing or extinguishing in whole or in part the indebtedness, liability, or obligation of any corporation or individual to this State or to any county or municipal corporation therein." The contention being that since the taxes in question was an indebtedness which the Legislature itself had no authority to release or extinguish, such taxes could certainly not be extinguished by any negligent act of any officer of the city of Houston.

6. Because the city of Houston would not be estopped for collecting taxes for the years 1894, 1895 and 1896 because it had previously sued for and collected taxes for years prior and subsequent to said years, because each year's tax is a separate cause of action and separate suit may be brought therefor.

7. Because at the time the defendant in error's vendor purchased the property there was an unsatisfied judgment in favor of the city of Houston for taxes which can not be lawfully relinquished, as is in effect done by the judgment in this case.

We are of opinion that none of these objections to the judgment rendered by the court below should be sustained. The proposition that the city of Houston can not be estopped from the collection of taxes by the acts or omissions of its officers or the officers of Harris County is, abstractly considered, sound in law, but has no application to the case presented by this record. When a municipal corporation becomes a litigant it is as conclusively bound by the acts of its authorized attorney in the conduct of such litigation as any private litigant would be, and the judgment and the sale thereunder of the property involved in this suit is in no way affected by the fact that the party plaintiff in said judgment is a municipal corporation, or that the lien claimed by the defendant in error to have extinguished by such judgment and sale was a lien for the payment of taxes due the municipality. If municipal corporations were not bound by the acts of their attorneys in conducting litigations all judicial proceedings in which such corporations were parties would be voidable, and judgments rendered against them would never be final and conclusive. Such a doctrine would be subversive of

every principle of enlightened jurisprudence, and would practically render it impossible for the courts to administer justice between a private citizen and a muncipal corporation, as any judgment rendered in a suit between such parties would be binding and conclusive upon the one and not upon the other.    The mere statement of the effect of the application of the proposition advanced by the plaintiff in error to judicial proceedings is sufficient to show its unsoundness when so applied and its inconsistency with all recognized principles of law and justice.

The acts of the city attorney of the city of Houston in procuring a judgment in favor of said city foreclosing the lien held by the city upon the property in controversy and ordering the sale of the whole of said property without any reservation in favor of any pre-existing incumbrance, and in procuring the sale of said property under such judgment, must be considered as the acts of the city of Houston, and are conclusive and binding upon the city.   It is well settled that a purchaser at a sale made under a judgment of this kind acquires all of the title of both the plaintiff and defendant in the judgment and takes the property discharged of all liens in favor of the plaintiff, regardless of whether or not such purchaser has notice of unsatisfied liens in favor of plaintiff which were not foreclosed or in any way sought to be protected by the judgment under which the sale was had.   Vieno v. Gibson, 85 Texas, 432. In the case mentioned the purchaser paid much less than actual value for the land and had actual notice of the existence of an outstanding lien in favor of plaintiff, being informed by plaintiff's attorney at the time of the sale and before his purchase that the land was sold subject to such outstanding lien, and yet it was held by our Supreme Court that he took the land discharged of such lien.   We think the case cited is decisive of the question presented by this appeal.

Mrs. Looscan purchased the property in question without any actual knowledge of the existence of the outstanding lien for taxes not included in the judgment which she bought, and so far as this record shows paid full value for the property.   Under these circumstances it would be manifestly inequitable to hold that she did not take the land free from any claim or lien which might be thereafter asserted by the plaintiff in the judgment.   As before stated, we do not think the question is in any way affected by the fact that the lien asserted by plaintiff in error is a tax lien.   The provisions of the Constitution in regard to the uniformity and equality of taxation and forbidding the Legislature to extinguish or release any debt due a municipal corporation have no application.   The judgment of the court below was not an extinguishment of any debt due the plaintiff in error, nor were the acts of the city attorney in procuring the sale of the property under a judgment which omitted to reserve a lien for the unpaid taxes not recovered by said judgment a release or extinguishment of any taxes due plaintiff in error.   The lien in plaintiff in error's favor upon said property for all taxes due prior to the rendition of said judgment was extinguished by such sale, and plaintiff in error's security afforded by its lien upon said property exhausted, but

no unpaid taxes were released or extinguished, and same are still due and may be collected from the delinquent. The section of the city charter which provides that a purchaser of property incumbered with a lien for taxes shall be deemed as to such taxes a delinquent taxpayer and takes the property charged with a lien, and can not interpose any defense which his vendor might not have interposed, is manifestly intended to apply only to purchasers from a delinquent taxpayer, and was enacted to enable the city to sue and recover delinquent taxes and foreclose its tax liens without being required to make the original delinquent a party defendant.

This provision of the charter in no way affects the rights of one who purchases property sold under a judgment foreclosing a tax lien in favor of the city. It is well settled that Mrs. Looscan having obtained a clear title to the property, her vendee's title would not be affected by the fact that he bought with notice of the claim of the plaintiff in error.

We think the judgment of the court below should be affirmed, and it is so ordered.

*Affirmed.*

Writ of error refused.