T. A. ALSTON v. A. J. PIPER ET AL.

Decided February 20, 1904.

**1.—Foreclosure of Liens—Sale Conveying Clear of Another Lien.**

Where one holding two claims secured by liens on the same land obtains a foreclosure of one of the liens and has the property sold thereunder, the purchaser takes the land discharged of the other lien and acquires the title of both plaintiff and defendant in the judgment; and this is true although the purchaser pays less than the actual value of the land and has notice at the time of his purchase of the existence of such other outstanding lien in favor of the judgment creditor.

**2.—Same—Estoppel.**

There being no reservation or mention of the other lien in the judgment of foreclosure, the judgment creditor was thereafter estopped to assert such other lien against the purchaser under the judgment, even though the latter had notice at the time he bought of a suit then brought to foreclose such other lien; and it made no difference that the creditor's liens covered only an undivided half interest in the property, the owners of the other half interest being parties to the foreclosure proceeding.

Appeal from the District Court of Hill. Tried below before Hon. Wm. Poindexter.

*A. G. Walker,* for appellant.

*T. P. Works* and *Eugene Williams,* for appellee.

TALBOT, ASSOCIATE JUSTICE.—This is an action of trespass to try title and for partition, originally instituted on September 4, 1900, by Mrs. R. S. Abbott, joined by her husband, Jo Abbott, against A. J. Piper, R. M. Vaughan and S. E. Carter, to recover 7-12 of lots Nos. 6, 10 and 15, in block No. 1, situated in the town of Hillsboro, Texas. The defendants Piper and Carter disclaimed any title to the land, and R. M. Vaughan pleaded not guilty. On March 22, 1901, T. A. Alston, the appellant, intervened in the suit and claimed title to an undivided one-third of said property, and prayed for writ of restitution and partition and rents. To Alston's intervention the defendant Vaughan pleaded a general denial and not guilty. The matter in controversy between plaintiffs and defendant Vaughan was compromised and settled, and the other defendants having disclaimed, judgment was rendered that plaintiffs take nothing as to said defendants, and that they recover against plaintiffs their costs incurred as between plaintiffs and defendants up to the date of the said compromise and settlement. As to the issue between intervener Alston and defendant Vaughan, a jury was waived and the matters of law and fact submitted to the court. The court upon this issue rendered judgment in favor of defendant Vaughan, and that the other parties to the suit recover their costs. Intervener Alston excepted to the judgment of the court below, and has brought the case before us on appeal.

The court filed conclusions of fact and law, and the statement of such conclusions of fact found in appellant's brief being substantially

correct, we adopt the same, with some additions, as follows: "On January 27, 1890, J. R. Patty was the owner of an undivided one-half of lots 6, 10 and 15 in block 1 of the town of Hillsboro, Texas. On that day he executed his promissory note to T. A. Alston for the sum of $6000, and to secure its payment he executed a deed of trust to S. C. Upshaw, as trustee, purporting to convey, with other real estate, all of said three lots. At the time of executing said deed of trust the deed records of Hill County showed that J. R. Patty owned only an undivided half of said lots; that the title to the other half of lot 6 was in S. E. Carter, and the title to the other half of lots 10 and 15 was in B. D. and G. D. Tarlton. That on November 28, 1891, S. E. Carter and wife and J. R. Patty and wife sold and conveyed to Jo Abbott an undivided one-third of lot 6 in block 1, in consideration of two notes of $1500 each, one payable to S. E. Carter or order and the other to J. R. Patty or order. Patty transferred, by due course of trade, the $1500 note he received from Abbott to T. A. Alston. The deed to Abbott and the notes to Carter and Patty recited that a lien was retained in the deed to secure the payment of said two notes.

"On February 14, 1892, B. D. and G. D. Tarlton and J. R. Patty conveyed by deed lots 10 and 15 of block 1 to S. E. Carter & Co., a firm composed of S. E. Carter, Jo Abbott and J. R. Patty; Tarltons warranting one-half and Patty warranting half. On November 18, 1893, J. R. Patty conveyed all his interest in lots 3, 11, 6, 9 (intended for 10) and 15, to S. E. Carter and Jo Abbott. December 15, 1896, Jo Abbott conveyed his one-third interest in lots 6, 10 and 15 to S. E. Carter, in consideration that said S. E. Carter assumed to pay the $1500 note given by Abbott to J. R. Patty (the Carter note having been paid); also Carter was to pay off all debts of the late firm of S. E. Carter & Co., having been composed of S. E. Carter and Jo Abbott.

"On December 26, 1896, T. A. Alston filed suit No. 3350 in the District Court of Hill County, Texas, against Jo Abbott on the $1500 note given by Abbott to J. R. Patty for part purchase money on one-third lot 6, block 1, and to foreclose the vendor's lien on said lot. Defendant Abbott filed answer setting up the fact that he had sold his undivided one-third interest in lots 6, 10 and 15 in block 1 of the town of Hillsboro to S. E. Carter, in consideration that Carter should pay the $1500 note sued on, and having failed to do so, he, Abbott, had an equitable and vendor's lien on said undivided one-third of said lots 6, 10 and 15 in block 1, to secure the payment of the note sued on by the plaintiff. S. E. Carter and J. R. Patty were made parties to said suit. Plaintiff amended his petition, setting up the facts pleaded by defendant Abbott against Carter, and prayed for judgment foreclosing lien on an undivided one-third of lots 6, 10 and 15 in block 1.

"On March 2, 1899, judgment was rendered in said cause No. 3350 in favor of plaintiff and against the defendants Jo Abbott and S. E. Carter for the sum of $2575, and a foreclosure of vendor's lien on said

undivided one-third of lots 6, 10 and 15 in block 1. On April 11, 1899, an order of sale was issued in said cause under which the sheriff of Hill County, on May 2, 1899, sold said undivided one-third of said lots 6, 10 and 15 to T. A. Alston for the sum of $700, and executed a deed therefor, which was duly recorded.

"On July 20, 1897, T. A. Alston filed suit No. 3456 in the District Court of Hill County on the $6000 note executed by J. R. Patty on January 27, 1890, against J. R. Patty for the debt and for foreclosure of the deed of trust lien on lots 4, 6, 10 and 15, in block 1, Hillsboro, and several other tracts of land in Hill County, Texas, executed by J. R. Patty to S. C. Upshaw to secure the payment of said note, against J. R. Patty, G. D. Tarlton, J. R. Thompson, W. S. Terry, Terry Lewis and Joe Redding. October 15, 1898, judgment was rendered in favor of plaintiff for $840.35 against J. R. Patty and foreclosure of lien on lots 6, 10 and 15, block 1, as well as other property. October 15, 1898, an order of sale was issued on said judgment, directing the sheriff to sell the lands therein described, including said lots 6, 10 and 15, in block 1, which lots were by said sheriff advertised and sold on March 6, 1899, to defendant R. M. Vaughan for the sum of $500.

"The parties to the first cause No. 3350 foreclosing the $1500 note lien, among others, were S. E. Carter, Fred Quickenstedt and J. R. Patty. These were parties to the second cause No. 3456 foreclosing the $6000 lien note. They and the plaintiff, Alston, were the only parties who had any interest in this property, all being before the court claiming under common source of title. The conclusions of fact show a complete chain of title from the common source of title down to appellee Vaughan; and further show that the two liens were upon the same property, lots 6, 10 and 15, and that the two liens were held by appellant, Alston, when each of said suits were filed; that at the first sale the entire fee simple title was offered for sale and sold, and purported to be conveyed by the sheriff's deed, and that appellee Vaughan bought under the superior lien at the first sale, and appellant bought under his junior lien at the sale made subsequent to appellee's purchase."

The original plaintiffs having been disposed of my compromise, and the other defendants having disclaimed, the real controversy on the trial below was whether the appellant, Alston, as intervener, should recover an undivided one-third of said lots 6, 10 and 15, claimed by him through the foreclosure sale made under the order of sale issued in cause No. 3350, as against the title of appellee Vaughan to the entire lots, claimed by him through the first foreclosure sale made under order of sale issued in cause No. 3456; appellant Alston having been plaintiff and the owner and holder of the debt and lien foreclosed in each case, when the first suit was filed on December 26, 1896.

We are of opinion that the cases of Vino v. Gibson, 85 Texas, 432, and City of Houston v. Bartlett, 29 Texas Civ. App., 27, 68 S. W. Rep., 730, are decisive of the question involved in this appeal, and that the judgment of the court below must be affirmed. The appellant, Alston, in

this case was the owner and holder of two notes, the payment of each being secured by liens upon the lots in controversy. One of these notes was for $6000, and secured to be paid by the deed of trust executed to Upshaw, as trustee, on the entire three lots in controversy. The other was for the sum of $1500, and secured by vendor's lien on an undivided one-third of the lots in controversy. Appellant brought separate suits on these notes in the District Court of Hill County and prosecuted both to final judgment, together with a foreclosure of the respective liens given to secure said notes. In these suits all the parties who had any interest in the property upon which the liens were foreclosed were parties thereto, claiming under a common source. On the 15th day of October, 1898, appellant caused an order of sale to be issued in cause No. 3456, wherein the lien, created by reason of the deed of trust executed to Upshaw, was foreclosed, and the entire lots 6, 10 and 15, in block 1, were thereby seized and advertised for sale. On the 6th day of March, 1899, at the instance of appellant, all of said lots 6, 10 and 15 in block 1 were sold at public sale, under said order of sale, to appellee, Vaughan, for the sum of $500, which was by him paid cash. After this and on the 11th day of April, 1899, appellant caused an order of sale to be issued on his judgment in cause No. 3350, wherein his vendor's lien was foreclosed on an undivided one-third of said lots 6, 10 and 15 in block 1, and said interest advertised for sale. On the 2d day of May, 1899, the sheriff sold said undivided one-third of said lots at public auction under said order of sale, and appellant became the purchaser thereof at such sale at a bid of $700. It is not contended that the price paid by appellee Vaughan for the entire property was not a fair and adequate consideration for the same. Nor is there anything in the record tending to impeach the fairness of the sale or appellee's good faith in making the purchase. That he was induced to believe by the conduct of appellant and the judgment and order of sale under which he bought, that in his purchase he was acquiring the title to the entire three lots, seems clear. In ascertaining the character of property and the interest therein to be sold, appellee was not required to look beyond the judgment and order of sale under which he bought. Referring to this source of information, it appeared that the whole of said property was offered for sale without any reservation or mention of any other claim or lien held by appellant thereon. It seems to be the settled doctrine of this State that when a person holds two claims secured by liens on the same land and a foreclosure of one of said liens is obtained by him and the property sold thereunder, the purchaser takes the land discharged of the other lien, and acquires the title of both plaintiff and defendant in the judgment. This is true although the purchaser pays less than the actual value of the land and has notice at the time of his purchase of the existence of such other outstanding lien in favor of the judgment creditor at whose instance the sale is made. Vieno v. Gibson, 85 Texas, 432; City of Houston v. Bartlett, 29 Texas Civ. App., 27,

68 S. W. Rep., 730, above mentioned and cases therein cited. The doctrine seems well supported by authority.

That J. R. Patty owned only an undivided half interest in the property, and that other defendants in the foreclosure proceedings owned the other half, does not, in our opinion, alter the rule. Appellant, as stated above, was the owner and holder of both liens at the time of appellee's purchase under the first foreclosure sale. The deed of trust creating the lien under which the first foreclosure was had, purported to convey the entire three lots. Abbott had sold to S. E. Carter, and all the necessary parties, who had any claim or title to the lots, were parties to said foreclosure suit. There was no reservation of the lien foreclosed under which appellant bought, and no mention made thereof in the judgment of foreclosure under which appellee purchased. The entire property was offered for sale under the first foreclosure by the procurement of appellant himself, and he was thereafter estopped to assert, as against appellee, any other lien he may have had at that time upon the property, although appellee had notice of the suit of foreclosure upon such other lien before and at the time he bought. While it is true that appellant had two separate and distinct liens upon the parcels of land sold, and one of said liens was only on a part of said land, yet having obtained judgment foreclosing said liens in different suits filed by him, he could only have one foreclosure sale, and having sold the land under the first or prior lien, all the title passed and vested in the purchaser thereof, and said land was thereby freed from any other lien held by appellant.

It is believed the case under consideration is not distinguishable in principle from the cases cited above, and so believing, the judgment of the court below is affirmed.

*Affirmed.*

Writ of error refused.