IN THE

# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF NEW JERSEY

### JUNE TERM, 1912.

---

WILLIAM M. DREW, RELATOR, v. THOMAS FLYNN, RE-
CEIVER OF TAXES OF THE CITY OF PATERSON.

Argued February 23, 1912—Decided November 11, 1912.

An officer making sale of lands under the Martin act for unpaid taxes
and assessments is a mere municipal agent, having no authority
except that vested in him by the statute, and is without power
to make a sale except in strict compliance with the provisions
of the statute with relation to the price which the land must bring.

---

On demurrer to return to writ of alternative *mandamus*.

Before GUMMERE, CHIEF JUSTICE, and Justices GARRISON
and SWAYZE.

For the relator, *Gustav A. Hunziker.*

For the defendant, *Edward F. Merrey.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. Drew, the relator, seeks by
this proceeding to compel the receiver of taxes of the city of

Paterson to deliver to him a certificate of sale for certain lands purchased by him at a public sale held for unpaid taxes and assessments under the Martin act. The return shows that by mistake the receiver of taxes advertised and sold these lands for less than the amount of unpaid taxes due thereon, the difference between such amount and the price bid by Drew being somewhat in excess of $1,000. It further shows that by the fourth section of the supplement to the Martin act, passed April 24th, 1888 (*Pamph. L.*, *p.* 529), the officer making sale of lands under the act for unpaid taxes and assessments shall sell the same "at public auction to the highest bidder, but not for less than the amount due upon the same with interest and costs." The demurrer admits the truth of the facts stated in the return. On these facts the sale was invalid. The receiver of taxes, in making it, was a mere municipal agent, having no authority except that vested in him by the statute, and without power to make a sale except in strict compliance with the provisions of such statute with relation to the price which the land must bring. Having exceeded his authority in striking off the lands to Drew for a sum less than the total amount of taxes due thereon, it goes without saying that this court will not compel him to consummate his original wrong-doing by ordering him to deliver a certificate of sale for such unauthorized price.

The defendant is entitled to judgment on the demurrer.