STATE v. LILES. (No. 996.)

(Court of Civil Appeals of Texas. El Paso. May 22, 1919.)

TAXATION ☞733—SALE FOR DELINQUENT TAXES—LIABILITY OF PURCHASER FOR TAXES ANTEDATING SALE.

In the absence of a provision to the contrary in statute or judgment under which sale is made, the purchaser at a valid tax sale acquires title free from any lien for taxes assessed and delinquent for any years previous to that for which sale is made, and the state cannot recover state and county taxes antedating foreclosure sales.

Error from District Court, Presidio County; Joseph Jones, Judge.

Suit by the State against M. T. Liles. From the judgment rendered the State prosecutes a writ of error. Affirmed.

W. C. Jourdan, of Marfa, for the State.

Lewright & Douglas, of San Antonio, for defendant in error.

HIGGINS, J. On February 21, 1906, sections 115, 117, and 815 were sold for the taxes for the year 1904. Sections 459 and 643 were sold March 7, 1911, for the taxes for the year 1908. The sales were made by the sheriff under tax foreclosure decrees theretofore regularly rendered by the district court of Presidio county. Defendant in error, Liles, subsequently acquired the title of the purchasers at such sales. On July 24, 1918, plaintiff in error, by its county attorney, filed this suit to recover the sum of $1,521.91 state and county taxes against said lands. A portion of the taxes sought to be recovered were for years antedating the foreclosure sales aforesaid. Upon trial the plaintiff recovered judgment with decree of foreclosure for the taxes for the years subsequent to the foreclosure sales, and was denied recovery of the taxes due for the years antedating those for which the land had been sold, and the lands were decreed to be free and clear of the taxes for those years. From this judgment the state prosecutes this writ of error.

Opinion.

In some states it is held that the sale of land for nonpayment of taxes does not divest the lien of delinquent taxes previously assessed and chargeable on the same premises. This rule is undoubtedly correct where the law directs that the purchaser at the tax sale shall assume and pay all previous delinquent taxes, or where the statute or judgment under which the sale is made orders that he shall take title subject to the lien of existing taxes. But in the absence of some such provision in the law or the judgment, the doctrine ordinarily prevails that at a valid tax sale the purchaser acquires title free from any lien for taxes assessed and delinquent for any year previous to that for which the sale was made. See note and cases cited Ann. Cas. 1913A, 675; 37 Cyc. 1477.

This rule of decision it seems obtains in Texas. City of Houston v. Bartlett, 29 Tex. Civ. App. 27, 68 S. W. 730 (writ of error refused); Ivey v. Teichman, 201 S. W. 695. It has been held by the Supreme Court that one holding several liens upon the same property, and who causes the same to be sold in satisfaction of one of his liens without having secured in the foreclosure decree any provision for the preservation of the other lien, cannot maintain a subsequent suit to foreclose such other lien, and that the purchaser at the sale took the property discharged of the other lien. Vieno v. Gibson, 85 Tex. 432, 21 S. W. 1028; Brown v. Canterbury, 101 Tex. 86, 104 S. W. 1055, 130 Am. St. Rep. 824. See, also, Rembert v. Wood, 16 Tex. Civ. App. 468, 41 S. W. 525; Alston v. Piper, 34 Tex. Civ. App. 589, 79 S. W. 357. The doctrine of these cases it would seem should apply to tax liens.

We are of the opinion, therefore, that the court properly refused a foreclosure for taxes for the years antedating the foreclosure sales for the years 1904 and 1908.

Affirmed.

HARPER, C. J. (concurring). I concur in this opinion because it is in line with the holdings of other courts in cases between individuals and between cities and individuals in tax cases. The principle has not been applied to states in tax suits, but inferentially, as noted hereafter, has been repudiated.

As I see it, the rule invoked applies to persons holding the legal title to secure the payment of one's debts and a sale for one debt with lien carries with it his entire title, but the state does not base its rights upon any claim of title or claim of right to the land itself, but simply has an interest in the land to the extent of the amount of taxes due.

But for the fact that the effect of the holding in Vieno v. Gibson, 85 Tex. 432, 21 S. W. 1028, is that there can be but one foreclosure by a person holding several liens upon property, there could be no question that the rule would not apply to the state's statutory lien for taxes, under the authorities cited as a basis for the holding. But, notwithstanding the line of authorities, it appears to me that the rule cannot be applied to the state because of the Constitution and statute applicable to delinquent taxes. Section 15, art. 8, Const., provides that all assessments upon landed property shall be a special lien thereon. And it shall be subject to seizure and sale for the payment of all taxes, etc., due under such regulations as the Legislature may provide.

Article 7684, Rev. Stat. Vernon's Sayles; provides that all lands or lots which have been returned delinquent since 1885, "or may hereafter be returned delinquent or reported sold to the state or to any city; * * * said taxes shall remain a lien upon the said land, * * * and may be sold under the judgment of the court for all taxes, interest, * * * shown to be due by such assessment for any preceding year." To me this language means that the state's lien shall remain for each and every year until the taxes are paid and cannot be divested except by payment. In Traylor v. State, 19 Tex. Civ. App. 86, 46 S. W. 81, it is held that the lien remained where the land was reported sold to the state by virtue of this same statute, and the provision "shall remain a lien" applies with equal force to lands "returned delinquent," as to lands sold to the state or any city.