STATE MORTGAGE CORPORATION v. STATE. (No. 3562.)

Court of Civil Appeals of Texas. Texarkana. June 13, 1928.

Rehearing Denied Aug. 2, 1928.

·Wallace & Taylor, of Dallas, and W. H. Strength, of Marshall, for appellant.

John E. Taylor and Chas. E. Carter, both of Marshall, for the State.

WILLSON, C. J. (after stating the facts as above). [1] Unless the fact that the sale of the lot for taxes under the judgment of September 9, 1926, was made subject to the lien of the state and county for taxes unpaid thereon for years prior to 1925 warranted the judgment now before this court for review, it should be reversed; for it is settled that a sale of land under a judgment for taxes of a given year or years, in the absence of any saving reservation, passes title to the purchaser free of the lien for unpaid taxes of prior years. City of Houston v. Bartlett, 29 Tex. Civ. App. 27, 68 S. W. 730; State v. Liles (Tex. Civ. App.) 212 S. .W. 517; Ivey v. Teichman (Tex. Civ. App.) 201 S. W. 695.

█ The debatable question in the case is as to the effect of the reservation in said judgment of September 9, in the deed of the sheriff to appellant, and in the other instruments referred to in the statement above. Appellant's contention that the reservation had no effect seems to be based mainly on the provision in article 7326 of the Revised Statutes of 1925, which made it the duty of the county attorney, who brought the action resulting in said judgment of September 9, to sue for the "total amount [quoting] of taxes, interest, penalty and costs that have remained unpaid for all years since the thirty-first day of December, 1908," and the declaration in article 7330 of said statutes that the deed made the purchaser at a sale under a judgment for taxes should be held "to vest good and perfect title" in such purchaser, "subject to be impeached only for actual fraud." It is argued that the effect of the parts of the statute quoted was to deprive the court of power to make the reservation specified in said judgment of September 9. But we think there is as good reason and authority for saying the effect of the failure to comply with the requirement of the statute to sue for all taxes due and unpaid for years prior to 1925 invalidated the judgment under which appellant claimed. Section 15, art. 8, of the Constitution; article 7172, R. S. 1925; Adams v. Osgood, 42 Neb. 450, 60 N. W. 869; Medland v. Connell, 57 Neb. 10, 77 N. W. 437; Drew v. Flynn, 83 N. J. Law, 1, 84 A. 1061.

As we view it, the case is within the rule stated in 34 C. J. 797, as follows:

"A judgment or decree which expressly excepts or reserves from its operation specified

rights or claims of parties in suit, or the decision of questions in issue, or the right to take further proceedings in respect to certain matters, is not a bar to a subsequent action on the matters so reserved; but, on the contrary, the reservation itself becomes res judicata and prevents the raising of any question as to the right to bring or maintain such subsequent suit."

And see Burton v. City of Louisville (Ky.) 85 S. W. 727; State v. Liles (Tex. Civ. App.) 212 S. W. 517; Burns v. Nichols (Tex. Civ. App.) 207 S. W. 158; Martin v. Turner (Ky.) 115 S. W. 833; Buhler v. Hubbell, 56 Hun, 450, 647, 10 N. Y. S. 254; Haralson v. Ry. Co. (Tex. Civ. App.) 62 S. W. 788; Ahlers v. Smiley, 11 Cal. App. 343, 104 P. 997; Case v. Knight, 129 Wash. 570, 225 P. 645; Lutz v. Williams, 84 W. Va. 216, 99 S. E. 440; Bodkin v. Arnold, 45 W. Va. 90, 30 S. E. 154; State v. Sponaugle, 45 W. Va. 415, 32 S. E. 283, 43 L. R. A. 727; Harding v. Auditor General, 140 Mich. 646, 104 N. W. 39.

Contentions presented by the assignments in appellant's brief not directly nor in effect disposed of by the ruling made are overruled, and the judgment is affirmed.