## STATE MORTGAGE CORPORATION v. STATE. (No. 1259—5287.)

Commission of Appeals of Texas, Section A.
June 5, 1929.

Wallace, Taylor & Vickrey, of Dallas, for plaintiff in error.

John E. Taylor and Chas. E. Carter, both of Marshall, and Claude Pollard, Atty. Gen., for the State.

NICKELS, J. For a general statement of the case we make reference to the opinion of the Court of Civil Appeals, 9 S.W.(2d) 271.

In the Constitution (section 15, art. 8) it is declared that "the annual assessment made upon landed property shall be a special lien thereon."

As early as 1876 a provision that "all taxes upon real property shall be a lien upon such property until the same shall have been paid" (article 7172, Rev. St. 1925; Acts of 1876, p. 280, § 22) got into, and thereafter remained in, the statutes.

And, if for any year (at least since 1870) particular land should be overlooked by assessing authorities, it does not, for such year, escape the burdens and in due course will get on the rolls. See Chapter 9, title 122, Rev. St. 1925.

Of those provisions some observations may be taken: (a) Each "annual assessment" evidences a "special lien"; (b) the "special lien" continues in existence until the tax liability "shall be paid." The observation lastly taken ought generally be modified by noticing the effect of that merger of lien and title which occurs when the state itself finally takes the land in payment of taxes for a particular year or particular years (cf. League v. State (Tex. Civ. App.) 56 S. W. 263; Id., 93 Tex. 553, 57 S. W. 35; Id., 184 U. S. 156, 22 S. Ct. 475, 46 L. Ed. 478), which effect is not in the instant case.

Summary procedure provided or forecasted in the Constitution (section 15, art. 8) does not preclude enforcement of the lien through user of equity jurisdiction. City of Henrietta v. Eustis, 87 Tex. 14, 26 S. W. 619. And a method of that user is described in what is now article 7326, Rev. St. 1925—made up of parts of statutes enacted in 1895, 1897, and in 1923. The judgment rendered in 1926 (for 1925 taxes), and which is source or muniment of State Mortgage Corporation's title, was procured pursuant (or in supposed pursuance) of article 7326.

Article 7326 is a part of chapter 10, title 122, wherein duties are prescribed for various public officers of such nature as that complete and diligent performance will result in data sufficient (at a given time) to disclose all taxes delinquent for any and all years back to 1884, as in respect to taxes delinquent for any and all years since 1908 the county attorney is directed in terms of the article to bring suit—a specific direction being that in a suit he shall "include all lands * * * owned by the same person on which delinquent taxes are due," and which, for instant purposes and in deference to argument made, we assume means that the county attorney ought to include all tax claims for each and every year then delinquent. As immediate context of the direction just mentioned, it is provided that, "if through mistake, over-

sight or otherwise any tax due on any land owned by the defendant is omitted from such suit, such omission shall not be any defense against the collection of the tax due and sued for." Expression of the direction itself and the immediate context to which reference has just been made was not in the statute prior to the 1923 amendment.

City of Houston v. Bartlett, 29 Tex. Civ. App. 27, 68 S. W. 730; Ivey v. Teichman (Tex. Civ. App.) 201 S. W. 695; State v. Liles (Tex. Civ. App.) 212 S. W. 517; and Vieno v. Gibson, 85 Tex. 432, 21 S. W. 1028, as predicate for the others, are presented as authority for the proposition that the 1926 foreclosure (of the lien for 1925 taxes) and sale thereunder ended the liens for previous years (since 1908), although the liens were not pleaded.

Amongst the things which prevent Vieno v. Gibson from being authority for the proposition urged are these: (a) The lien there dealt with secured (as an entirety) the two notes, whereas we have before us a "special lien" for each year's taxes independent of other "special liens" for other years; (b) that lien rested in contract which included no definite provision (such as we have here) that it should continue to be a lien "until the same shall have been paid"; (c) that was "no provision made in the decree" (or in law) with reference to the "note" on which judgment was not rendered, whereas we are confronted with statutory declaration that each annual "lien" shall continue until "paid"; and (d) the "note" whose protection was there lost had not then fallen due. Vieno v. Gibson was decided with particular recognition of the exact facts before the court, and it was with some hesitation that the court affirmed the proposition that, where a person who owns "two notes maturing at different dates and secured by the same mortgage," and who causes "the land to be sold for the satisfaction of one note before maturity of the other without securing in the decree reservation of a lien to secure the last note" becomes divested of his lien. In view of its "facts," that case would lend as much or more support to a contention that tax sale for 1925 would cut off the state's lien for 1926 than it lends to the proposition now up. Inspection will disclose that most (if not all) of the cases in Vieno v. Gibson turned upon specific statutory provisions in reference to such foreclosures, and that they generally recognize (as did our court) that even in those situations the person causing the foreclosure, either by original stipulation or in pleading or decree may save his lien for unmatured installments.

In view of the constitutional provision making each "annual assessment" a "special lien," and in view of the statutory provision (article 7172) that the lien shall be "upon the property until" the taxes "shall have been paid," there is great difficulty opposing preception of ground for saying that a sale for one year has the effect of extinguishing the "lien" securing payment of tax liability accrued for a previous year. There are some holdings in the cases cited, nevertheless, to the effect that such a result may obtain. Existence of those cases may well explain existence of the precautionary language exacted by the 1923 amendment. By the terms of article 7326, as construed by counsel for plaintiff in error, it is made the duty of the county attorney to sue for all delinquent taxes when he sues at all. But there is declaration that, if by his (or other's) "mistake or oversight or, maybe, purpose" any tax due by the defendant "is omitted from such suit," this shall not "be any defense" therein. Manifestly, such omission could not be a "defense" in any event, if it be true that foreclosure and sale for one year's taxes might destroy the "lien" for taxes delinquent for previous years. The "new" statute is tantamount, we think, to enactment in terms inhibiting the result claimed and notifying purchasers that they ought not suppose immunity to continuing effect of a "special lien" of an unsatisfied "annual assessment."

■ The 1926 judgment (for 1925 taxes) and sale did not, in our opinion, affect the state's right subsequently to enforce the liens for taxes delinquent for years prior to 1925.

That conclusion renders immaterial questions concerning either the power to include in the 1926 decree reservation of such prior liens or the sufficiency (in points of certainty) of the reservation actually made.

State Mortgage Corporation did not own or claim any interest in the land at time the taxes sued for accrued; hence there ought not have been judgment in personam therefor as against it.

Accordingly, we recommend that the judgment of the district court be so reformed as to eliminate liability, in personam, as against plaintiff in error, that the judgment of the Court of Civil Appeals be reformed so as to affirm the judgment of the district court with such elimination, and that such judgments, thus reformed, be affirmed.

CURETON, C. J. Judgments of the Court of Civil Appeals and district court are both reformed, and, as reformed, both judgments are affirmed, as recommended by the Commission of Appeals.