## MONROE v. CALIFORNIA CO.*
### No. 8334.

Circuit Court of Appeals, Fifth Circuit.

Dec. 7, 1937.

Clay Cooke, of Fort Worth, Tex., and Geo. W. Reed, Jr., of Tulsa, Okl., for appellant.

W. R. Harris, of Dallas, Tex., for appellee.

Before FOSTER and HUTCHESON, Circuit Judges, and STRUM, District Judge.

HUTCHESON, Circuit Judge.

This is an appeal from a judgment in trespass to try title. The issue on which the case went off below was, the question presented here is, the effect upon appellee's title to lands and mineral leases it had bought subject to a mortgage on it and other lands of the foreclosure proceedings instituted by appellee after, by purchase, it had become the owner of the mortgage. The appellant was the purchaser at the foreclosure sale. She claimed below, and claims here, that as such purchaser she acquired not only the right, title, and interest of the foreclosure defendants in all the lands described in the mortgage, but that of appellee, the foreclosing plaintiff as well. Appellee on its part claimed below, and claims here, that when, as owner of part of the mortgaged lands and leases, in order to protect them against foreclosure, it purchased and became the owner of the mortgage, there was a merger of lien and title with a resulting extinguishment of the lien as to that part of the land and leases owned by it. When, therefore, it later foreclosed the mortgage lien against named defendants, the foreclosure did not, it could not, affect the lands and leases it owned, because, as to them, the lien had merged with the title and was no longer in existence.

The District Judge heard the case on jury waiver. Holding with appellee, he filed findings of fact and conclusions of law, and rendered judgment in its favor. This appeal tests whether that judgment was rightly rendered.

The facts are without dispute. After the execution of the mortgage on the 160 acres of land of which the land in controversy in this suit is a part, the mortgagor sold various portions of and interest in the land, including those parcels sold to appellee. In order to protect its holdings from foreclosure appellee caused the mortgage lien to be purchased, and thereafter brought its suit in the state district court to foreclose, and obtained a decree foreclosing, the lien upon all of "the right, title and interest" of certain named defendants. The findings of fact of the District Judge and the documentary evidence brought up in the record, make it clear that neither the plaintiff nor the defendants in foreclosure, nor the purchaser at the sale, had, or could have had, any idea or notion that the plaintiff in foreclosure was intending, or attempting, to sell its own property by foreclosure under the lien, which it had purchased to protect its lands, and which as to them, had been extinguished by merger.

The District Judge found that the interests of defendants which were sold under the decree, were fully worth the amount paid at the sale. Indeed, no claim of inadequacy is made by the purchaser.

Here appellant plants herself upon three propositions: (1) That a purchaser at a foreclosure sale takes the mortgagor's title to the mortgaged premises as that title stood when the foreclosure lien was created, and unaffected by subsequent dealings

*Rehearing denied Jan. 11, 1938.

and encumbrances.[1] (2) That while the purchaser at an ordinary execution sale gets only such title as the defendant in execution had, the purchaser at a foreclosure sale holds by estoppel under the foreclosure plaintiff as well, and thus, as to the premises foreclosed, succeeds not only to the rights the mortgagor granted, but to those the foreclosure plaintiff has in the premises when the lien is foreclosed.[2] (3) That when the foreclosure plaintiff has any right, title or interest in the premises which it wishes reserved from foreclosure, it must definitely except it from the proceedings, or it will pass by the foreclosure sale.[3]

Appellant insists that no such effective reservation was made in these proceedings, but that the entire body of land included in the mortgage as well that which plaintiff owned, as the balance of it, was subjected to foreclosure. She therefore maintains though no one intended that it should be, nor supposed that it was, so included, that under the letter of the law appellant, a purchaser at foreclosure, acquired not only the interest in the land which the foreclosure plaintiff intended to subject to sale under the lien, but also the interest in the premises which the plaintiff in foreclosure had bought the mortgage to protect, and had not intended to sell.

Appellee, not at all contesting the general principles appellant invokes, nor finding fault with the authorities appellant cites, insists that they will not avail appellant here, for it plainly enough appears on the face of the foreclosure proceedings that the lands and leases in controversy were not foreclosed upon. It argues that if this is not so, it is quite plain that no case is made out here, for the application of the estoppel appellant invokes. Here the equities are all the other way. Raised to make effective the manifest intention of the foreclosing plaintiff, the estoppel is applied in cases where it will do so.[4] It is never applied where, as here, the result would be not only contrary to the manifest intention of the foreclosure, but grossly unjust as well. It insists further that for another and paramount reason appellant may not recover, for the purchase of the lien by plaintiff, when it already owned the title to the lands in controversy, effected a complete merger, with the result that the lien was extinguished, and no longer existent as to these lands.

When, therefore, the foreclosure was instituted, argues appellee, it was necessarily limited to those lands and properties as to which the lien still existed, and could not extend to those lands and properties as to which, by merger with the title, the lien had been extinguished. Appellee insists that to hold otherwise would be to refuse to give effect to the highly equitable doctrine of merger, which is always applied according to the justice of the case,[5] only to produce a grossly unjust result.

We think the case is one in which, as effectively as if they had been expressly reserved, the proceedings in foreclosure reserved plaintiff's lands and leases from sale. While it is certainly true, therefore, that appellant, as purchaser at the foreclosure sale, got good title to the premises sold at it against both plaintiff and defendants in execution, we think it is equally true that none of the lands in controversy were sold under the lien.

But if we could agree with appellant that, contrary to appellee's intention, there was no sufficient reservation in the foreclosure proceedings of the lands and interests plaintiff in foreclosure owned, to effectively withdraw these properties from their scope, we would still agree with appellee

---

[1] Jones on Mortgages, vol. 3, § 1654; Hampshire v. Greeves, 104 Tex. 620, 143 S.W. 147; Peck & Hills Furniture Co. v. Long (Tex.Civ.App.) 68 S.W.2d 288.

[2] Alston v. Piper, 34 Tex.Civ.App. 589, 79 S.W. 357; Vieno v. Gibson, 85 Tex. 432, 21 S.W. 1028; Brown v. Canterbury, 101 Tex. 86, 104 S.W. 1055, 130 Am.St.Rep. 824; City of Houston v. Bartlett, 29 Tex.Civ.App. 27, 68 S.W. 730; Peters v. Clements, 46 Tex. 114; Foster v. Powers, 64 Tex. 247.

[3] Rembert v. Wood, 16 Tex.Civ.App. 468, 41 S.W. 525; State Mortgage Corporation v. State (Tex.Civ.App.) 9 S.W. 2d 271.

[4] Brown v. Canterbury, 101 Tex. 86, 104 S.W. 1055, 1057, 130 Am.St.Rep. 824. A case in which the superior title held by the vendor was held to have passed by estoppel at his foreclosure sale under the purchase money notes. It was said, quoting from Freeman on Executions (3d Ed.) § 335: "In some instances, the purchaser acquires the interest of the plaintiff as well as of the defendant. This is so whenever the title of the plaintiff is essential to accomplish the manifest purpose of the sale."

[5] North Texas Bldg. & Loan Ass'n v. Overton, 126 Tex. 104, 86 S.W.2d 738.

that the foreclosure did not affect its title to them.

We would agree with it that this was so both because it would be grossly inequitable and contrary to the principles controlling its application to work an estoppel against appellee here, and because the lien having been actually and entirely extinguished as to these properties by merger with the title, it no longer existed, to be foreclosed as a lien against them.

The decree was right. It is affirmed.