

# THE ATTORNEY GENERAL
## OF TEXAS

Gerald C. Mann
XXXXXXXXXXXXXXXXXXXRD
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Hon. C. Woodrow Laughlin
County Attorney
Jim Wells County
Alice, Texas

Dear Sir:

Opinion No. 0-5491
Re: If real property conveyed
to the State of Texas at a
tax sale, is sold to an in-
dividual, would the pur-
chaser be required to
pay any State, county and
school taxes that were
delinquent at the time of
the judgment?

We have your letter requesting an opinion by this depart-
ment. The letter is as follows:

"In 1932, the Sheriff of Jim Wells County conveyed
to the State of Texas certain property at a tax sale, as there
were no bidders that would bid a sufficient amount for said
property. Subsequent to this time, this property has been
assessed against the State of Texas on the Tax Rolls of Jim
Wells County.

"I now propose to sell said property as provided
by Article 7345b, Section 9, Revised Civil Statutes of Texas,
and I would like to have your opinion upon the following
questions, towit:

"(1) If this property is sold to an individual, would
he be required to pay any State, County and school taxes
that were delinquent at the time of the judgment in 1932?

"(2) Would this purchaser be required to pay any
taxes that have accrued on this property since it has been
deeded to the state?

"(3) Would the purchaser be required to pay any-
thing else besides the amount bid at the Sheriff's Sale?

"Article 7345b, Section 9, Revised Civil Statutes
of Texas, provides in part as follows: 'If the property
be sold to any taxing unit which is a party to the judg-
ment under decree of court in said suit, the title to said
property shall be bid in and held by the taxing unit pur-
chasing same for the use and benefit of itself and all
other taxing units which are parties to the suit and which
have been adjudged in said suit to have tax liens against
such property, pro rata and in proportion to the amount
of the tax liens in favor of said respective taxing units
as established by the judgment in said suit, * * *.'

"Article 7345b, Section 10, Revised Civil Statutes
of Texas, provides in part as follows: 'The purchaser of
property sold for taxes in such foreclosure suit shall take
title free and clear of all liens and claims for ad valorem
taxes against such property delinquent at the time of judg-
ment in said suit to any taxing unit which was a party to
said suit, or which had been served with citation in said
suit as required by this Act. * * * '

"In view of the above and foregoing authorities,
it is the opinion of this department that all of the ques-
tions asked should be answered in the negative. In other
words, where property is sold as provided by Article
7345b, Section 9, the purchaser receives title free and
clear from any liens for taxes whatsoever, and is not re-
quired to pay any taxes until the year following."

We note that in your letter you state the land in question was
conveyed to the State by the Sheriff of Jim Wells County at a tax sale in
1932. The copy of the deed in question, which you sent us in response to
our request for additional information, appears to be dated the 3rd day of
September, 1931, and to have been acknowledged by the sheriff on the 22nd
day of October, 1931. The copy of the judgment rendered in the case shows
the judgment to have been granted on the 18th day of February, 1931.

Article 7345b, V.A.C.S. of Texas, was enacted in 1935 by
the 44th Legislature. Sections 2, 5, and 10 of said article were amended
in 1941 by Acts of the 45th Legislature. In our opinion No. 0-5506 (a
copy of which is enclosed for your information) we held that when a tax
sale has been had in full compliance with the terms of said Article 7345b,
the purchaser of the property so sold for taxes in such foreclosure suit,
takes the title thereto free and clear of all liens and claims for ad valor-
em taxes against the property delinquent at the time of the judgment in
the said suit as against any taxing unit which was a party to the suit, or
which had been served with citation in the suit, as required by said Ar-
ticle 7345b. In said opinion we further held that in any case, where at the
time of the judgment referred to there were any unpaid assessments for
maintenance and operation purposes on a pro rata per acre basis against

any irrigable land authorized by law to be made for water improvement districts, or water control and improvement districts, the collection of said assessments or the liens securing the same would not be prejudiced by said judgment.

But it is obvious that the provisions of said Article 7345b are not applicable to the judgment inquired about by you, for the reason that said article was not in force at the time said judgment was obtained. It is elementary that a judgment is only binding on those who are parties to the suit in which the judgment was rendered. Insomuch as an inspection of the copy of the judgment which you sent us discloses that no taxing units other than the State and county were parties to the suit in question, you are advised that any taxing unit other than the State and county would not be bound by said judgment; their rights would not be affected thereby, and any tax liens subsisting in their favor at the time of the judgment would not be extinguished by the force of said judgment.

Article 7336f, Sec. 1, was enacted in 1935 by the 44th Legislature, and is as follows:

"The collection of all delinquent, ad valorem taxes due the State, county, municipality or other defined subdivisions that were delinquent prior to Dec. 31, 1919, is forever barred."

By reason of the foregoing quoted statute, we need to consider in this opinion only the effect of the instant judgment on such taxes as have become delinquent since Dec. 31, 1919, as the collection of those which became delinquent before that date is "forever barred."

Writing upon the quality of title acquired by a purchaser at a tax foreclosure sale, Texas Jurisprudence has this to say:

"Referring to the title acquired by purchaser at a tax foreclosure sale, the statutes provide, that when the land has been paid for, the sheriff shall execute a deed 'conveying title', and that 'such deed shall be held in any court of law or equity in this State to vest good and perfect title in the purchaser thereof, subject to be impeached only for actual fraud.' Therefore, and seeing that the foreclosure proceeding is a suit in rem, it has been held that if all parties having an interest in the land were joined as defendants an estate in fee simple passes to the purchaser free from any lien for taxes for the taxing years prior to those for which foreclosure was decreed, in the absence of any reservation of such lien in the judgment of foreclosure - subject, however, to the rights of any persons who had some interest and therefore should have been impleaded as parties in the tax foreclosure suit." (40 Tex. Jur. 307-308, Section 229, citing Ball v. Carroll, 92 S.W. 1023,

error refused; State Mortgage Corp. v. State, 9 S.W. (2d) 271, judgment reformed, Commission of Appeals, 17 S.W. (2d) 801; State v. Lile, Civ. App., 212 S. W. 517; Ivey v. Peichman, Civ. App., 201 S. W. 695; error dismissed; City of Houston v. Barkley, Civ. App., 68 S.W. 730, error refused)

We understand our Commission of Appeals to hold in the case of State Mortgage Corp. v. State, 17 S.W. (2d) 801, (cited above) that each annual assessment of taxes evidences a "special lien" on the land on which the assessment was made; that this special lien by force of the statutes continues in existence until the lien liability "shall be paid." That the statutory provisions to the effect that the special lien continues in existence until the tax liability shall be paid, is modified by the effect of that merger of lien and title which occurs when the State itself finally takes the land in payment of taxes for a particular year.

Applying this doctrine to the case you inquire about, we have this situation:

(a) The State reduced the State and county delinquent taxes for the year 1928 to judgment, and

(b) did not sue for any State and county taxes for any year other than 1928.

(c) The State bought said land for said taxes, and

(d) has held same until the time for exercising the equity of redemption has expired.

The result is -

(a) The State now owns said land (See Booty et al. v. State, 149 S.W. (2d) 216) and has the legal title thereto.

(b) The State's lien for any taxes due it and delinquent at the time of the judgment, but not sued for, has now merged with the State's said title; and

(c) A sale now of the State's title would pass a title to the purchaser which would be free of all tax liens existing against said property for delinquent State and county taxes, at the time of the judgment's rendition.

There is no provision of Texas law whereby land belonging to the State, purchased by it at a tax sale, may be taxed while so belonging to the State. You are therefore advised that no taxes in favor of any

taxing unit have legally accrued against the land in question subsequent to its purchase by the State.

Approved Nov. 3, 1943                     Very truly yours

/s/ Grover Sellers              ATTORNEY GENERAL OF TEXAS
First Assistant
Attorney General

                                By  /s/ George P. Blackburn
                                    George P. Blackburn
                                        Assistant

GPB:AMM/cm

ENCLOSURE

                                        APPROVED
                                        Opinion
                                        Committee

                                    By  /s/ AW
                                        Chairman