

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. George H. Sheppard
Comptroller of Public Accounts
State of Texas
Austin, Texas

Dear Sir:

Opinion No. 0-5649
Re: Under the facts submitted, is there
a necessity for writ of possession
to issue in order to perfect the
title in the purchaser when real
property sold for delinquent taxes
is purchased by a taxing unit which
was a party to the tax foreclosure
suit? And related questions.

We are in receipt of your request for an opinion
of this department. In your request you state as follows:

"This department is in receipt of the following
questions from one of our delinquent tax contractors.
I shall thank you to answer these questions for this
department.

"An independent school district filed suit for
delinquent taxes due on certain property and made the
State a party to the suit. The State filed answer and
claim for taxes due, judgment was had in favor of both
taxing units, the property was advertised for sale under
the judgment and sold on the first Tuesday in August,
1941. The school district bought the property in to be
held in trust for all taxing units. The two-year period
for redemption expired in August 1943. By oversight the
authorities failed to get out writ of possession within
the twenty days as provided in Sec. 12 of Art. 7345b of
the Revised Statutes.

Hon. George H. Sheppard, page 2

"Is there any necessity for issuing a writ of possession after the twenty days expires; if so, what is the procedure, and if the writ cannot now be issued, what is the procedure?"

In answer to your first question, we advise as follows:

Section 12 of Article 7345b, Vernon's Revised Civil Statutes of Texas, provides:

"In all suits heretofore or hereafter filed, to collect delinquent taxes against property, judgment in said suit shall provide for issuance of writ of possession within twenty (20) days after the period of redemption shall have expired to the purchaser at foreclosure sale or his assigns: . . ."

This said provision of statutory law was enacted by the 45th Legislature in 1937, and became effective from and after its passage. (See Acts 1937, 45th Leg., p. 1494-a, ch. 506)

Said provision is now in full force and effect.

Insomuch as the said Section 12 of Article 7345b specifically directs that the "judgment in said suit shall provide for the issuance of writ of possession within twenty (20) days after the period of redemption shall have expired to the purchaser at foreclosure sale or his assigns, " we assume that the trial courts follow this statutory behest and incorporate such a provision in the judgment of foreclosure. Then, with such a provision in the judgment, it is necessary, in order that the full terms of the judgment be obeyed, that the writ of possession shall issue as commanded by the trial court. The fact that the purchaser was one of the taxing units would in no way change the terms of the statute referred to. There is no provision in said statute providing that the writ of possession shall not issue in the event the purchaser shall be one of the taxing units concerned in the suit for delinquent taxes. The statute refers with equal force to all or any who may become purchasers of the property at the foreclosure sale.

Hon. George H. Sheppard, page 3

In answer to your second question, we advise:

As heretofore stated by us, the terms of the judgment should follow the statutory requirements as to the contents of same. We must assume that the judgment referred to does follow the requirements of the statute relating thereto, and therefore calls for the issuance of a writ of possession within twenty (20) days after the period of redemption expires. But your request for opinion does not disclose any facts which make now necessary the issuance of a writ of possession. Such a writ is in the nature of a writ of assistance, issued by the courts in aid of and in enforcement of the court's jurisdiction and the function thereof is to render effective the court's judgment. In a tax foreclosure suit, it serves to oust the former owner who was the defendant in the tax foreclosure suit, from possession of the real property in controversy, and to put the purchaser at the tax foreclosure sale in possession of the land bought by him at the tax foreclosure sale. Unless the possession of the land in question is refused to be surrendered to the purchaser thereof, by the former owner of the land, we see no need for a writ of possession to issue. If such situation does obtain, we suggest that you take the matter up with the court which rendered the foreclosure judgment.

We do not believe that the failure to issue the writ of possession within the period authorized by the statute and the judgment of the court, heretofore mentioned by us, would in anyway be fatal to the title acquired by the purchaser at the tax foreclosure sale of the property in question.

We are aware that when a decree awarding title and possession of land is awarded in a chancery court, that the decree itself does not operate to divest title, but that the divestiture is complete when the party entitled to the land is put in possession thereof. (See Texas-Mexican Ry. Co. v.

Hon. George H. Sheppard, page 4

Cahill, cited supra) But under the blending of law and equity characteristic of our Texas system of jurisprudence, this doctrine would not obtain. Under our tax foreclosure procedure, as applied to the collection of taxes against real estate, the suit to foreclose the constitutional lien for taxes is primarily one in rem. (See Ball v. Carroll, 92 S. W. 1023, error refused) It has long been established that a personal judgment against the delinquent taxpayer is not a necessary condition precedent to the foreclosure of the tax lien on the land. (See Slaughter v. City of Dallas, 103 S. W. 218)

Moreover, Article 7328, Vernon's Revised Civil Statutes of Texas, provides:

". . . The sheriff, in behalf of the State, shall execute a deed CONVEYING TITLE to said property when sold and paid for."

And it is provided in Article 7330, Vernon's Revised Civil Statutes, as follows:

"In all cases in which lands have been sold, or may be sold, for default in the payment of taxes, the sheriff selling the same, or any of his successors in office, shall make a deed or deeds to the purchaser or to any other person to whom the purchaser may direct the deed to be made, and any such deed shall be held in any court of law or equity in this State to vest good and perfect title in the purchaser thereof, subject to be impeached only for actual fraud."

As to the quality of title which passes to a purchaser of land at a tax foreclosure sale, it is clear that as against all parties who had an interest in the land, and who were made parties to the tax foreclosure suit, a fee simple estate passes to the purchaser free from any lien for taxes for the taxing years prior to that for which the foreclosure was had, existing in favor of any and all taxing units which were impleaded in or were parties to the suit in question, unless such tax lien was reserved in the judgment of foreclosure. (See State Mortgage Co. v. State, 9 S. W. (2d) 271, 17 S. W. (2d) 801; State v. Liles, 212 S. W. 517, Ivey v. Teichman, 201 S. W. 695, error dismissed; City of Houston

21

v. Bartlett, 29 Civ. App 27). We regard the judgment as conclusive against all parties to the suit who were served with process. (See Ball v. Carrington, 92 S. W. 1023). And in Orr v. Wallace, 285 S. W. 650, it was held that the existence of these things, i.e., (a) judgment for taxes, (b) foreclosure of tax lien, and (c) proper deed from sheriff, constituted a valid title to the land in question.

We are therefore of the opinion that altho the writ of possession was not issued which should have issued in accordance with the statutes and the judgment of the court, the tax unit which purchased the land at the tax foreclosure sale took a fee simple title to the land as against all who were parties to the suit.

In addition to our former observations concerning the issuance of a writ of possession, we would further point out that in case any person (whether the former owner, one in privity with the former owner, or a stranger to the tax foreclosure suit) asserts adverse possession or claim to the land in question as against the purchaser at the tax foreclosure sale, said purchaser can also assert his rights derived from the said purchase at the tax foreclosure sale, by way of an action of forcible detainer, or forcible entry and detainer, or trespass to try title, as need be, and as the facts may warrant, and would thus have available a writ of possession against any wrongful claimant to said land or the possession thereof.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By George P. Blackburn
Assistant

APPROVED OCT 28, 1943

FIRST ASSISTANT
ATTORNEY GENERAL

