## Anna A. Rembert, Executrix, v. A. H. Wood.

Delivered June 12, 1897.

**Easement—Waiver.**

A purchaser of land at foreclosure sale takes the same free from an easement granted to the mortgagee by deed after the execution of the mortgage, where the proceedings and judgment in the foreclosure suit made no reference to such easement.

Appeal from Potter. Tried below before Hon. H. H. Wallace.

*Browning & Madden,* for appellant.—Appellant's failure to set up her easement in the foreclosure suit, and to ask that the property be sold subject thereto, was not a waiver of the same, and the purchaser at the foreclosure sale bought the property burdened with such easement. Stolts v. Coward, 30 S. W. Rep., 935; Boykin v. Rosenfield, 24 S. W. Rep., 323; Keesey v. Old, 21 S. W. Rep., 693; James v. James, 81 Texas, 389; Philipowski v. Spencer, 63 Texas, 667; Teal v. Terrell, 48 Texas, 491, 508; Insurance Co. v. Lacroix, 45 Texas, 158; Cook v. Burnley, 45 Texas, 97, 115; Lucas v. Heidenheimer, 3 Willson, sec. 380; Gill v. Wilson, 2 Willson, 389; 2 Black on Judg., secs. 609-619, 666; 2 Jones on Mort., secs. 1573, 1575, 1578, 1582, 1589, 1632, 1653, 1654, 1658; 2 Wash. on Real Prop., p. 309, sec. 13a; San Francisco v. Lawton, 18 Cal., 465; 79 Am. Dec., 187.

*W. Boyce,* for appellee.—The appellee, by his purchase at the foreclosure sale, acquired all the title and rights of all the parties to the suit, both plaintiffs and defendants, in and to the property sold, belonging to them at the time of the making of the mortgage foreclosed or subsequently acquired. Vieno v. Gibson, 21 S. W. Rep., 1028, 20 S. W. Rep., 718; Foster v. Powers, 64 Texas, 250; Peters v. Clements, 46 Texas, 120; 2 Jones on Mort., secs. 1654, 1589, 1425; 8 Am. and Eng. Encyc. of Law, pp. 245, 273-275; Young v. Brand, 15 Neb., 601; Am. Dig. 1887, p. 874, sec. 334; Hall v. Hall, 11 Texas, 548.

HUNTER, ASSOCIATE JUSTICE.—Appellant, as executrix of the will of W. D. Rembert, on September 4, 1896, filed this suit to restrain appellee from interfering with her and her tenants in the exercise and use of an alleged easement, or right to use water from the well and waterworks on certain property of appellee, in Amarillo, Texas, incident to certain adjoining property of the estate represented by her. She also sought to establish by judgment such right or easement.

On the same day the court granted the temporary writ, which was duly issued and served. Upon a final hearing the court rendered judgment dissolving the temporary injunction, and in favor of defendant that plaintiff take nothing. To this judgment appellant excepted, and from it prosecutes this appeal.

The record discloses the following facts:

On February 19, 1890, J. H. Hamlin, being the owner in fee simple of a certain block of land 300 feet square, which was afterwards plotted and made to appear as block 361 in Holland's addition to the town of Amarillo, in Potter County, Texas, conveyed the same, with certain other property, to E. G. Pendleton, in trust to secure to W. D. Rembert the payment of a certain note for the sum of $1750, on that day made, executed, and delivered by the said Hamlin to the said W. D. Rembert, which said trust deed was in the usual form of trust deeds, with the power of sale vested in the said trustee upon default made in the payment of the said note, and was duly acknowledged and recorded in the office of the County Clerk of Potter County, on February 20, 1890.

On April 22, 1892, Hamlin (Rembert being the owner and holder of the said note, and the beneficiary in the deed in trust) made, executed, and delivered to the said Rembert a general warranty deed for 80x140 feet out of the southeast corner and 100x140 feet out of the southwest corner of said block 361, which deed was duly acknowledged and filed for record on April 23, 1892, and recorded on April 29, 1892. This deed expressed a consideration of $300 paid, and in addition to conveying the lots mentioned, contained this clause: "And I, the said J. H. Hamlin, do hereby bind myself and my heirs, assigns, executors, and administrators, to allow the said W. D. Rembert and his heirs and assigns, water privileges for house, barn, and sprinkling purposes from my well now located on the same block No. 361, being the same block that my residence is located upon, to the said W. D. Rembert forever."

On July 6, 1893, Hamlin, being yet the owner of the remainder of the said block, made and delivered to one J. L. Smith, as trustee, his certain deed in writing, whereby he conveyed to him the remainder of said block (and other property), in trust to secure one Frank Bowman in the payment of two certain notes of that date, executed and delivered by Hamlin to Bowman, said trust deed being in the usual form of such instruments and containing a clause giving the trustee the right to sell the property, after default made in the payment of the said notes, at the request of Bowman, and was filed and recorded in the office of the County Clerk of Potter County on July 7, 1893.

On August 26, 1893, W. D. Rembert died testate, leaving a will wherein the plaintiff herein was made sole and independent executrix, and given power to mortgage, sell, and dispose of all the property of his estate, the same as if it were her own, which will was duly probated prior to the filing of the suit hereinafter referred to.

On November 16, 1895, plaintiff herein, as such executrix and beneficiary, and the said E. G. Pendleton, as such trustee, as plaintiffs, filed their suit in the District Court of Potter County on the note so executed and delivered to the said W. D. Rembert, and to foreclose the lien created by the mortgage so executed on February 19, 1890, making the said Hamlin, Bowman, and Smith parties defendant therein.

On July 11, 1896, plaintiffs in the suit filed their amended petition therein, in which they set up the fact of the subsequent plotting of the said block of land so as to make it appear as such block No. 361, subdivided into ten lots, and set up the fact of the execution and delivery of the deed of conveyance from Hamlin to W. D. Rembert for the two lots mentioned in the second conclusion of fact, and alleged "that the said mortgage lien now exists and is sought and hereinafter prayed to be foreclosed on the remainder of the said block No. 361, that is to say, on lots Nos. 1, 2, 3, 8, 9, and 10, and the north two-thirds of lot No. 4, and the north one-third of lot No. 7, in the said block; and also on the said two lots in the said Glidden & Sanborn addition; together with the rights, appurtenances thereto belonging, and the improvements thereon situated;" such amended petition making no other reference to the rights now set up in this suit by the plaintiff herein. Plaintiff prayed in the said amended petition for judgment for her debt, for decree declaring her lien prior and superior to all liens and claims of the defendants, for foreclosure of her lien, with order of sale, and for general relief, but made no special prayer relative to her right to water privileges such as is set up and sought to be established in this suit.

Frank Bowman answered in the said suit setting up his notes and subsequent mortgage, asking for judgment for his said debt, with foreclosure, order of sale, etc. A judgment was awarded on the day of the filing of the said amended petition in favor of the plaintiff herein as executrix, for her debt, etc., as prayed for, foreclosing her lien as it existed on February 19, 1890, and in favor of the defendant Bowman as prayed for, ordering the said lands sold to satisfy their claims in order, such judgment making no reference to or provision for said water rights.

An order of sale was duly issued and the land sold at sheriff's sale, in accordance with the said judgment, on the 1st day of September, 1896, when the appellee herein became the purchaser for the sum of $1600 paid, getting the sheriff's deed conveying to him the remainder of the said block (and said other lots in the Glidden & Sanborn addition), and describing the property by lot and block numbers, making no reference to the water rights and privileges herein sought to be established and protected by the plaintiff, but of which he had full notice and knowledge

at and prior to the time of the sale. The sale and conveyance is admitted to be in all things regular and valid.

Appellant's second assignment of error is as follows: "The court erred in his conclusions of law filed herein, and in entering judgment in favor of defendant and dissolving the temporary injunction granted in this cause, and said judgment is erroneous, because (1) such conclusions of law are not the law of this case, and (2) such judgment is contrary to and unsupported by the law and the evidence, in this: That plaintiff, as executrix of the last will and testament of W. D. Rembert, deceased, and for the benefit of his heirs and assigns, is shown by the evidence to be the owner and in control of the premises deeded to her said testator by J. H. Hamlin on the 22d day of April, 1892, and by such deed of conveyance there was created in favor of said W. D. Rembert, his heirs and assigns, forever, a permanent easement therein denominated 'water privileges for house, barn, and sprinkling purposes from the well located' on the property now claimed by defendant, which easement became and is a permanent charge in favor of plaintiff's said property and upon the defendant's said property, and said water rights and easement were in no sense waived or affected by the foreclosure proceedings, but the defendant bought and took his said property at such foreclosure sale so charged and burdened therewith."

We think the judgment of the District Court was correct, because when Mrs. Rembert foreclosed her mortgage, in order to have preserved her water rights or easement in the premises sold, she should have set them up in her pleadings and had the decree of foreclosure to show that the estate ordered to be sold was burdened with such easement, and had the property sold subject to it. Failing in this, she is estopped from asserting such a claim, because when she sold under her mortgage, she, having this water right and being a party to the suit, sold not only all the estate which the mortgagor Hamlin had in the property at the date of the mortgage, but also all the estate which her testator had therein, or acquired afterwards, up to the date of foreclosure, and the purchaser at such sale gets the title as it existed at the time the mortgage was executed, unless it is foreclosed subject to subsequent incumbrances. 2 Jones on Mort., 4 ed., sec. 1654. And if the plaintiff in the foreclosure suit himself holds a second mortgage or subsequent incumbrance, he must protect the same by setting it up in his petition and preserving it in his decree of foreclosure, otherwise he can not require bids to be made subject to his subsequent mortgage or incumbrance. 2 Jones on Mort., sec. 1425. See also Vieno v. Gibson, 21 S. W. Rep., 1028; Foster v. Powers, 64 Texas, 250; Peters v. Clements, 46 Texas, 120.

The judgment is affirmed.

*Affirmed.*

Writ of error refused.