COUSINS et al. v. SPERRY.

No. 3613.

Court of Civil Appeals of Texas.
Beaumont.

March 14, 1940.

Rehearing Denied April 10, 1940.

J. R. Beck and Geo. E. Holland, both of Beaumont, for appellants.

Morris & Bennett, of Beaumont, for appellee.

O'QUINN, Justice.

This is an appeal from a judgment of the 60th District Court of Jefferson County, Texas, perpetually enjoining the defendants below, J. D. Hensley, R. D. Cousins, and W. R. Cousins, their tenants, agents, servants, and employees, from further using or travelling over a certain passageway or road described in appellee's petition, and from further trespassing upon said property, and from further molesting her in her peaceable possession and enjoyment of her said property.

The case was tried upon appellee's first amended original petition, the appellants' first amended original answer and cross-action, and appellee's first supplemental petition and answer. The land involved is 1.567 acres, a portion of a 15 acre tract out of the Absalom Williams survey in Jefferson County, Texas.

On December 9, 1925, J. D. Hensley owned the 15 acres, of which the 1.567 acres is a part, and on that date he and his wife, Nellie Hensley, conveyed the 15 acres by general warranty deed to Gold Hill Gardens, a Texas corporation, in consideration of $9,000 paid, and the assumption of 5/6 of three certain promissory notes in the sum of $2,400 each, dated June 30, 1925, executed by J. D. Hensley and payable to the order of Eley A. Blanchette, in one, two and three years after date, respectively, bearing 8% interest. This deed was promptly placed of record. Immediately after acquiring the property, Gold Hill Gardens began to establish a nursery on said land and opened a driveway into same from the highway leading from the City of Beaumont to Voth. The land bordered on the highway. Gold Hill Gardens fenced the 15 acres and placed a gate at the entrance of the driveway off of the highway into the nursery grounds.

On June 15, 1928, Gold Hill Gardens negotiated a loan of $10,000 from the San Jacinto Life Insurance Company, and executed its eight promissory notes therefor, the first seven in the sum of $1,000 each, and the eighth for $3,000, said notes due and payable to said insurance company in one to eight years, respectively, after date. To secure the payment of these notes, Gold Hill Gardens, at the time said notes were given, executed to George A. Wells, trus-

tee for the benefit of said San Jacinto Life Insurance Company, a deed of trust covering all of said 15 acres of land, said deed of trust containing the usual terms, covenants, provisions, and agreements with the powers contained in such instruments of conveyance. This instrument was recorded in the Mortgage and Lien Records of Jefferson County, Texas, on June 20, 1928.

On May 31, 1932, for a valuable consideration, San Jacinto Life Insurance Company transferred and assigned the notes and deed of trust on the land securing the payment of the notes, to Great Southern Life Insurance Company.

On November 18, 1936, for a valuable consideration, Great Southern Life Insurance Company transferred and assigned the notes and deed of trust on the land securing the payment of the notes, to Mrs. Lucy Fuller.

On May 12, 1937, for a valuable consideration, Mrs. Lucy Fuller transferred and assigned the notes and deed of trust on the land to secure the payment of the notes, to Mrs. Maybelle E. Sperry.

On December 4, 1937, the notes not having been paid, Mrs. Sperry directed the trustee, George A. Wells, to sell the land under the deed of trust, and accordingly he, Wells, trustee, duly advertised the land for sale, and on January 4, 1938, sold the land under the deed of trust lien and same was purchased by Mrs. Sperry, and Wells executed to her a deed to the land, 1.567 acres. From time to time parties had purchased portions of the 15 acres, and as these parcels of the land were sold, releases of the deed of trust lien were executed covering the sold parcels, leaving, at the time of the trial, only 1.567 acres still subject to the deed of trust lien.

On February 15, 1930, J. D. Hensley being the owner of a portion of the 15 acres originally owned by him, situated in the northern part of the 15 acres, and desiring a passage way or road from the Voth Highway (Highway 8) to his land, he purchased from Gold Hill Gardens a roadway. The deed conveying same was as follows:
"The State of Texas
"County of Jefferson      Know All Men by
      These Presents:

"That Gold Hill Gardens, a private corporation, duly incorporated under the laws of the State of Texas, the principal office being in Beaumont in said county and state, for and in consideration of the sum of One ($1.00) Dollar, in hand paid said corporation, and other good and valuable considerations, the receipt of which is hereby acknowledged, have granted, and conveyed, and by these presents do grant and convey unto the said L. D. Hensley, his heirs and assigns, the free and undisputed use, liberty, privilege and easement of passing in and along a certain way across a certain tract of land situated in said county adjoining the premises of said J. D. Hensley, and now occupied by the said Gold Hill Gardens, being a part of the same tract of land conveyed to the said Gold Hill Gardens by the San Jacinto Life Insurance Company, and by deed dated on 31st. day of January, A. D. 1929, and recorded in the records of said county, in book 226 M. & L. page 25–27, to which reference is here made, said way being fifty (50) feet in breadth and extending from the N. W. corner of a plat or parcel of ground owned by the said J. D. Hensley and described and filed for record in book 317, D. R. page 221–222, of said county and extending due west to the highway known as the Voth Road, said way being the one now used as a road together with free ingress, egress, regress, to and for the said J. D. Hensley, his heirs and assigns, and their heirs and their tenants, by foot, with carts, wagons, carriages, automobiles and other vehicles, horses, mules, or cattle, as by him or them shall be necessary or convenient at all times and seasons forever, in, along, upon and out of said way, in common with the said Gold Hill Gardens and their tenants, to have and to hold all and singular the rights and privileges aforesaid to him, the said J. D. Hensley, his heirs and assigns to their proper use and behoof, in common with the said Gold Hill Gardens and their assigns and tenants.

"In witness whereof, Gold Hill Gardens, aforesaid, have caused these presents to be signed by E. W. Gross, its president, and its common seal hereunto affixed this 15th day of Feb.A.D.1930.
"(seal)   Attest:      Gold Hill Gardens
"C. S. Dickens. By E. W. Gross, President."

The instrument was duly acknowledged, and placed of record.

The only question for decision is that of whether the defendants (appellants herein) were entitled to the use of said fifty foot strip conveyed to J. D. Hensley for use as a passage or roadway to his premises, they owning land adjoining said fifty foot strip

or roadway. When W. R. Cousins and R. D. Cousins acquired their property, whether before or after the easement to Hensley, or before or after the deed of trust mortgage was given on the whole of the 15 acres of land by Gold Hill Gardens to San Jacinto Life Insurance Company, is not disclosed by the record. Neither does it appear from the record from whom they acquired the property. As before stated, it does appear that portions of the 15 acres were from time to time conveyed, and that as they were sold, the holder of the lien released same as to the portions sold, leaving, finally, the 1.567 acres unpaid for and covered by the deed of trust lien. The roadway conveyed to Hensley crossed over this 1.567 acres. The objection of Mrs. Sperry to persons passing on and over this road on the 1.567 acres brought this law suit.

The roadway granted to Hensley by Gold Hill Gardens was a private way. For a consideration it was granted by the owner of the land to and its use confined to J. D. Hensley, his heirs, assigns and tenants. It was not granted to or for the use of the public in general. 50 C.J. (Subject Private) page 373, Sec. 33. It was not a public highway or road. We find nothing in the record to indicate it was authorized, laid out, opened up or maintained by the county authorities. It was located, graded and shelled by the owner of the land, Gold Hill Gardens, for the accommodation of persons wishing to enter upon the 15 acres to inspect or purchase nursery stock then and there being grown by the Gold Hill Gardens for sale. Its use by persons generally different from business of the nursery, did not continue for that length of time to have given the general public a right to its use by prescription. There is no contention that its use for travel purposes was obtained by condemnation. The whole contention of appellants, as we understand the record, is that as they owned the land on or near to the roadway granted to Hensley, that they too were entitled to its free and unobstructed use. The Hensley road being a private way obtained by purchase and its use restricted solely to him, his heirs, assigns and tenants, the contention is not sound. Furthermore, Mrs. Sperry being the owner and holder of the unpaid notes, the payment of which was secured by the deed of trust on the land, given before the easement was conveyed to Hensley, and the notes being due and un-

paid, and she caused the trustee to sell the land under the deed of trust lien, she purchasing the property at the foreclosure sale, she took the title to the land free from the easement. Rembert v. Wood, 16 Tex.Civ. App. 468, 41 S.W. 525, writ refused.

No error appearing, the judgment is affirmed.