**VOYER v. GOMEZ et ux.**

No. 14629.

Court of Civil Appeals of Texas. Dallas.

May 8, 1953.

Rehearing Denied June 5, 1953.

Otis Bowyer, Dallas, for appellant.
W. J. Durham, Dallas, for appellees.

YOUNG, Justice.

Appellant's suit in trial court was for establishment of easement rights in and to a 10-foot strip at rear of appellees' lot under an alleged express grant, and for injunction restraining interference therewith. From a judgment adverse to his claim and denying injunctive relief, this appeal has been duly prosecuted.

The parties owned adjoining lots facing on Bryan Street, an East Dallas thoroughfare running generally northeast and southwest. Along the southwest side of the en-

tire block was Allen Street (old Texas), intersecting at right angles and running northwest and southeast. Plaintiff's exhibit portrays the locale (see cut); "A" being the Voyer lot, "B" the Gomez lot and "C" a 41 x 182′ tract alongside the Gomez property extending to Allen Street and facing both that Street and Bryan.

Harry Harlan is the common source, receiving title to the two lots (described as 59′ by 182′) from Mary E. Connelley, a widow, by conveyance dated January 18, 1945. His deed refers by metes and bounds to a 10-foot alley off the rear or northwest side of tract "C", reciting that " * * * Said 10 ft. by 41 ft. herein described to be

used for an alley opening into Texas Street, and is so dedicated in deed dated Dec. 18, 1896, from Ludwig Ax and Aelena Ax to Patrick Connelley, recorded in Vol. 208, Pages 308 and 310, Deed Records of Dallas County, Texas." This strip, referred to as "so dedicated," is marked "D" on above plat.

On February 12, 1945 Harry Harlan conveyed lot "B", described as 29½′ x 182′, to appellee Gomez and wife, along with the following recital: "Grantor herein reserves to himself, his heirs and assigns, an easement and right of way over the rear ten feet of the lot hereby conveyed. Grantor also gives and grants the right to use for alley purposes, the following described property: * * *." (Referring to the 10-foot strip at rear of tract "C" in the prior Connelley-Harlan deed.)

On February 26, 1945 Harlan conveyed lot "A" to Ramirez and wife, who, in turn, conveyed the same to plaintiff Voyer, June 16, 1950, both deeds carrying the following recital: "Grantor herein also gives and grants all rights he has or may have in and to an easement and right of way over the rear ten feet of the tract conveyed by Harlan to Gomez February 12, 1945, and also the right to use for alley purposes the following described property: * * *." (Referring again by metes and bounds to the 10-foot strip at rear of tract "C".) It is stipulated that lot "C" (owned by third parties) is not involved in this suit; defendant Gomez admitting that he has built a fence the full length of his lot "B" -182 feet.

At time of the conveyance to Gomez of lot "B", the common grantor, Harlan, was still owner of lot "A", reserving easement rights at rear of the former lot obviously for purpose of securing to the remaining lot access by way of alley to Allen Street;

and Gomez acquired fee simple title to the 29½′ x 182′ of ground subject to aforesaid express reservation. Harlan had retained this easement for benefit of himself, "his heirs, and assigns," and by his deed to Ramirez and thence to plaintiff of lot "A", these grantees acquired fee simple title thereto, along with the easement in question; common grantor's deed reciting that the conveyance was inclusive of "all rights he has or may have" in the particular strip for easement purposes.

█ █ Appellees argue that the express reservation under discussion was altogether personal to grantor Harlan.[1] They are mistaken in this. The reservation runs to Harlan and assigns; the word "assigns" as used in a deed signifying a person to whom any property or right is transferred. 6 C.J.S. p. 1034; Pool v. Sneed, Tex.Civ. App., 173 S.W.2d 768. Otherwise stated, appellee accepted his conveyance from Harlan with knowledge of the express reservation of easement retained by his grantor "and assigns," and hence is in no position to deny its existence. "One who acquires title through a deed expressly reserving a right of way through the land is estopped by the deed from denying the existence of the right of way; and the same rule applies to the acceptance of a deed reserving an easement of any other nature." 19 C.J., p. 907, § 93.

█ It follows undoubtedly that appellant's single point is well taken that, "Where grantor was the owner of contiguous lots and sold one of said lots to the appellees reserving for himself, his heirs and assigns, a strip off the rear of said lot 10 x 29½ feet for easement and alley purposes, and the other lot by mesne conveyances was granted to the appellant together with all rights in said strip of land for

---

1. Appellees' authorities, Ladies' Benevolent Society of Beaumont v. Magnolia Cemetery Co., Tex.Com.App., 288 S.W. 812, 815, and Cousins v. Sperry, Tex. Civ.App., 139 S.W.2d 665, are not in point. In the Magnolia Cemetery case there was no easement reservation by the common grantor inuring to grantees by transfer; the court stating: "There is nothing in the deed to the defendant, or the circumstances surrounding its execution, from which a reservation of the use of the roadway as an appurtenance of the adjacent lands of McFaddin may be implied; therefore no appurtenant right to such use ever attached to such adjacent lands." And in Cousins v. Sperry, 139 S.W.2d 665, the issue pertained to a wholly unrelated easement obtained by independent purchase.

easement and alley purposes, and it was shown by the undisputed testimony that appellees were interfering with the use of such easement, the Court erred in not granting appellant a permanent injunction against the appellees, preventing such interference and declaring that the appellant had easement rights in the said lot."

The judgment under review must be reversed and remanded to the trial court with instructions that final order be entered to effect that appellant, Voyer, has a valid and subsisting easement right in and to the rear 10 x 29½ feet of appellees' described property together with permanent injunction against interference therewith.

Reversed and remanded with instructions.