LOUISIANA–PACIFIC
CORPORATION,
Appellant,

v.

NEWTON COUNTY and Truman
Dougharty, County Judge,
Appellees.

No. 11–03–00299–CV.

Court of Appeals of Texas,
Eastland.

Sept. 23, 2004.

Joe Roady, Hirsch & Westheimer, P.C., Houston, for appellant.

A.W. Davis, Jr., Misti K. Weeks, Assistant Criminal Dist. Atty's Office, Newton, for appellees.

Panel consists of: ARNOT, C.J., and WRIGHT, J., and McCALL, J.

## Opinion

TERRY McCALL, Justice.

Louisiana–Pacific Corporation (LPC) brought this declaratory judgment action against Newton County and Truman Dougharty, the county judge of Newton County (collectively Newton County). LPC sought to set aside an order of the Newton County Commissioners Court declaring that the CC Camp Road "A," also known as the Hog Tyler Road, was a public road. LPC contended that the commissioners court lacked constitutional or statutory authority to declare that the road was a public road and that, therefore, the order was void. Newton County contended that it had the authority to make an administrative determination, as opposed to a judicial determination, that the road was a public road. After a bench trial, the trial court found that the commissioners court had authority to enter the order and entered a judgment denying LPC's request to set aside the order. We hold that the commissioners court lacked authority to declare that the road was a public road and that, therefore, the commissioners court lacked jurisdiction to enter its order. We reverse the judgment of the trial court and render judgment that the order was void.

### Proceedings in the Trial Court

The facts were not in dispute. A number of Newton County citizens signed petitions requesting that the commissioners court declare that CC Camp Road "A" was a public road. The road crossed LPC's private property. The commissioners court considered the petition as an agenda item on December 10, 2001. The commissioners court heard testimony that the road had been open to the public and that the public had been using the road for 50 years. By a three-to-two vote, the commissioners court determined that the road had become a public road by prescriptive easement. Therefore, the commissioners court entered its order declaring that the road was a public road.

The commissioners court did not enter the order in connection with any contemplated county action with respect to the road, such as maintaining or improving the road. Rather, the commissioners court entered its order solely in response to the citizens' petition. Newton County has not taken any action with respect to the road since the date of the order.

The trial court entered findings of fact and conclusions of law in support of its judgment. The trial court found that the commissioners court had made a factual determination that the road had become a public road by prescriptive easement. The trial court also found that the commissioners court's order was an administrative order, and not a judicial determination. The trial court determined that the commissioners court did not act beyond its jurisdiction or abuse its discretion in entering the order.

### Authority of the Commissioners Court

In its first appellate issue, LPC argues that the commissioners court did not have authority to declare that the road was a public road. TEX. CONST. art. V, § 18 provides in part that a commissioners court "shall exercise such powers and jurisdiction over all county business, as is conferred by this Constitution and the laws of the State." Thus, commissioners courts may exercise only those powers expressly given by the constitution or the legislature. City of San Antonio v. City of Boerne, 111 S.W.3d 22, 28 (Tex.2003). Commissioners courts may exercise broad discretion through implied powers in conducting county business; however, the legal basis for any action taken must be grounded ultimately in the constitution and statutes. Canales v. Laughlin, 147 Tex. 169, 214 S.W.2d 451, 453 (1948);

*White v. Eastland County,* 12 S.W.3d 97, 100 (Tex.App.-Eastland 1999, no pet'n); *Renfro v. Shropshire,* 566 S.W.2d 688, 690 (Tex.Civ.App.-Eastland 1978, writ ref'd n.r.e.).

Thus, any authority that a county has to declare that a road is a public road must be based on the Texas Constitution and statutes. *Guynes v. Galveston County,* 861 S.W.2d 861, 863 (Tex.1993); *Anderson v. Wood,* 137 Tex. 201, 152 S.W.2d 1084, 1085 (1941). No constitutional provision or statute expressly authorizes a county to declare that a road is a public road. Therefore, the issue is whether Newton County had the implied power to designate the road as a public road in connection with taking some county action that was authorized by the constitution or statutes. No Texas case addresses this issue.

■ Chapter 251 of the Transportation Code authorizes the counties to construct and maintain "public roads." *See* TEX. TRANSP. CODE ANN. §§ 251.001 et seq. (Vernon 1999 & Supp.2004–2005). Section 251.002 provides that "[a] public road or highway that has been laid out and established according to law and that has not been discontinued is a public road." Section 251.003(a)(2) provides that commissioners courts may hire the labor and purchase the machinery and equipment needed to construct and maintain public roads. Chapters 252 through 257 of the Transportation Code also address county road administration. TEX. TRANSP. CODE ANN. §§ 252.001–257.001 et seq. (Vernon 1999 & Supp.2004–2005). For example, Section 252.005(a) provides that "[t]he commissioners court shall adopt a system for laying out, working on, draining, and repairing the public roads." The counties do not have statutory authority to construct and maintain private roads. *See* Op. Tex. Att'y Gen. No. JM–334 (1985).

A commissioners court may want to maintain a road that has not been officially established as a public road. If a commissioners court spends money on a road without knowing whether the road is a public road or a private road, it risks violating the prohibition against county maintenance of private roads. In a thorough opinion, the Texas Attorney General addressed the issue of whether a county may maintain a road that has not been officially established as a public road but which has been accessible to and regularly used by the public. Op. Tex. Att'y Gen. No. JC–0503 (2002). In analyzing the issue, the attorney general explained that a private road may become a public road by prescriptive easement through long and continuous use by the public. *Id.*

■ A county may elect to file suit to determine whether a private road has become a public road by prescriptive easement. *Id.* The attorney general concluded that, as an alternative to filing suit, the commissioners courts have implied authority to administratively determine that a road has become a public road by prescriptive easement in order to support authorized county action with respect to the road, such as maintaining the road. *Id.* The attorney general emphasized the limited scope of commissioners courts' authority:

Although no statute specifically authorizes a commissioners court to determine whether a road has become a public road by easement or by prescription and no judicial opinion directly addresses this issue, a 1969 opinion of this office suggests that a commissioners court has the implied authority to make an administrative determination that a road has become a public road *for the limited purpose of permitting county action with respect to the road.* See Tex. Att'y Gen. Op. No. M–534 (1969)(commissioners court has the power to make an administrative determination that a road is a public road). *Such a determination*

*would not, however, finally resolve the rights of private parties with respect to the road. See id. Private landowners and others affected by a commissioners court's determination that a road is a public road may seek to have their rights adjudicated by a court.* (Emphasis added)

In the 1969 opinion, the attorney general explained that an administrative determination as to the status of a road serves only as a foundation upon which the commissioners court may base any action or inaction on the road.

Newton County relies on Texas Attorney General Opinion Nos. JC–0503 and M–534 in arguing that the commissioners court had the authority to declare that the road was a public road. However, the attorney general opinions do not support its position. The evidence established that Newton County entered the order solely in response to the citizens' petition; Newton County did not enter the order as a foundation to support county action with respect to the road, such as spending public funds to maintain the road. The commissioners court did not declare the road to be a public road for the purpose of taking or permitting county action with respect to the road.

We hold that the commissioners court did not have constitutional or statutory authority to enter the order. The commissioners court lacked jurisdiction to enter the order; and, therefore, the order is void. The trial court erred in failing to set aside the order. LPC's first issue is sustained.

### LPC's Other Issues

LPC presents 15 appellate issues. In light of our ruling on LPC's first issue, we need not address LPC's second through eighth issues and fourteenth issue. *See* TEX.R.APP.P.47.1. In its ninth through eleventh issues, LPC argues that the order

was an unconstitutional taking of its property. In its twelfth and thirteenth issues, LPC asserts that the December 10 order is a cloud on its title and must be removed. However, because the order was void and had no effect on LPC's property rights, it did not effect a taking of LPC's property or a cloud on its title. LPC's ninth through thirteenth issues are overruled.

■ In its fifteenth issue, LPC argues that the district court erred in failing to award attorney's fees to it under TEX. GOV'T. CODE ANN. § 2007.044(c) (Vernon 2000). However, because the order did not effect a taking of LPC's property, LPC is not entitled to recover attorney's fees under Section 2007.044(c). LPC's fifteenth issue is overruled.

### This Court's Ruling

We reverse the judgment of the trial court and render judgment that the Newton County Commissioners Court's December 10, 2001, order declaring that CC Camp Road "A," also known as Hog Tyler Road, was a public road is void. The order is hereby set aside.