

## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

September 26, 2005

The Honorable Mark E. Price
San Jacinto County Criminal District Attorney
1 State Highway 150, Room 21
Coldspring, Texas 77331

Opinion No. GA-0359

Re: Whether a county may repair a subdivision or neighborhood road, both of which are open to the public, or a private road, and if so whether the roads thereby will become county roads (RQ-0328-GA)

Dear Mr. Price:

You ask whether a county may repair a subdivision or neighborhood road, both of which are open to the public, or a private road, and if so whether the roads thereby will become county roads.[1] Your questions involve San Jacinto County (the "County"), which has a population of approximately 22,000.[2]

A county commissioners court may exercise only those powers that the constitution or the legislature expressly has delegated. *See City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 28 (Tex. 2003); *La.-Pac. Corp. v. Newton County*, 149 S.W.3d 262, 263 (Tex. App.–Eastland 2004, no pet.). A commissioners court may exercise broad discretion through its implied powers, but any action ultimately must be grounded in the constitution and the statutes. *See La.-Pac. Corp.*, 149 S.W.3d at 263. Thus, if we are to find any county authority to repair a road, we must examine relevant portions of the Texas constitution and statutes. *Id.* at 265.

Both the subdivision road and the neighborhood road about which you ask are public roads. "'A public road is [simply] a way open to all the people . . . .'" *O'Sullivan v. Brown*, 171 F.2d 199, 201 (5th Cir. 1948) (quoting 1 BLASHFIELD'S CYCLOPEDIA OF AUTOMOBILE LAW & PRACTICE § 3 (Perm. Ed.) at 12-13) (construing Texas law); *accord Bradford v. Moseley*, 223 S.W. 171, 174 (Tex. Comm'n App. 1920, judgm't adopted); *Atchison, Topeka, & Santa Fe Ry. v. Acosta*, 435 S.W.2d 539, 548 (Tex. Civ. App.–Houston [1st Dist.] 1968, writ ref'd n.r.e.) (citing *O'Sullivan*). A public

---

[1]*See* Letter from Honorable Mark E. Price, Criminal District Attorney, San Jacinto County, to Honorable Greg Abbott, Texas Attorney General (Mar. 14, 2005) (on file with Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

[2]*See* BUREAU OF THE CENSUS, U.S. DEP'T OF COMMERCE, 2000 CENSUS OF POPULATION, *available at* http://www.census.gov/qfd/states/48/48407.html (population of San Jacinto County: 22,246).

road is not necessarily part of the county road system, however, as we will explain. *See Comm'rs Court v. Frank Jester Dev. Co.*, 199 S.W.2d 1004, 1007 (Tex. Civ. App.–Dallas 1947, writ ref'd n.r.e.); Tex. Att'y Gen. Op. No. GA-0139 (2004) at 4.

Chapter 232, subchapter A of the Local Government Code sets out general procedural requirements for dedicating subdivision roads to public use. *See* TEX. LOC. GOV'T CODE ANN. ch. 232, subch. A (Vernon 1999 & Supp. 2004-05). A landowner who divides a tract of land into two or more parts must prepare a plat to lay out the subdivision, lots, or streets and alleys "intended to be dedicated to the public use." *Id.* § 232.001(a) (Vernon Supp. 2004-05). By an order entered in its minutes, the county commissioners court must approve a plat that meets legal requirements and for which a proper bond has been filed. *See id.* § 232.002(a). After approval, the plat must be filed with the county clerk of the county in which the subdivision is located. *See id.* § 232.001(d). Streets and roads on the approved plats that are dedicated to the public are then public roads, but they are not county roads unless the commissioners court has accepted the roads into the county road system. *See Miller v. Elliott*, 94 S.W.3d 38, 45 (Tex. App.–Tyler 2002, pet. denied); *Frank Jester Dev. Co.*, 199 S.W.2d at 1007; Tex. Att'y Gen. Op. No. GA-0139 (2004) at 4; *see also* TEX. TRANSP. CODE ANN. § 281.002 (Vernon 1999) (listing means by which a county with a population of 50,000 or less may acquire a public interest in a private road).

You first ask about a county commissioner's authority "to accept road material from residents [of] a subdivision and use County employees to repair the subdivision road." Request Letter, *supra* note 1, at 1. You indicate that a "local subdivision was created and properly filed . . . . The roads have been dedicated to public use but not accepted as county roads." *Id.* Subdivision residents "have proposed to the precinct commissioner that the residents will purchase road material and have the precinct road crews perform the routine regular maintenance on the roads with this material." *Id.* If the county is authorized to repair the subdivision road, you are concerned that the road will become a county road and thereafter be subject to county maintenance. *See id.*

We consider preliminarily the extent of an individual county commissioner's authority to accept donated road materials and to direct the repair of a public subdivision road. We understand the County has adopted an ex officio road commissioner system, under which each county commissioner is the ex officio road commissioner of the commissioner's precinct; hence, you use the term "precinct commissioner."[3] *See* TEX. TRANSP. CODE ANN. § 252.003 (Vernon 1999). An ex officio road commissioner's powers are limited: a commissioner independently may not accept a donation, for example. *See* Tex. Att'y Gen. Op. No. JM-1155 (1990) at 2 (determining that an ex officio road commissioner may not accept donations without the commissioners court's approval); *cf.* TEX. TRANSP. CODE ANN. § 252.109 (Vernon 1999) (authorizing a county that has adopted a road commissioner system to accept donations "to aid in building or maintaining roads in the county"); *id.* § 252.214 (authorizing a county that has adopted a road superintendent system to accept donations "to aid in building or maintaining roads in the county"). Nor may an individual commissioner unilaterally bind the county by accepting a new road into the county system. *See*

---

[3]*See* Telephone Conversation with Brian Bartko, Assistant Criminal District Attorney, San Jacinto County (Apr. 19, 2005).

Tex. Att'y Gen. Op. No. JM-1155 (1990) at 2. On the other hand, an individual ex officio road commissioner is responsible for the county-owned equipment and machinery that is placed in the commissioner's control and has a duty to determine the repairs and improvements that are to be performed on the roads in the precinct and to direct the work, although the commissioner's decision must comport with the commissioners court's system for "working on . . . and repairing the public roads." TEX. TRANSP. CODE ANN. § 252.005(a) (Vernon 1999); *see id.* § 252.006(a), (f); Tex. Att'y Gen. Op. No. GA-0295 (2005) at 9 (stating that an ex officio road commissioner "implements the commissioners court's decisions on a day-to-day basis, by directing the work in his precinct according to the rules established by the court").

Thus, a commissioner, acting independently, may not accept donated road material from subdivision residents. By contrast, a county commissioners court has express statutory authority to accept a donation for the purpose of performing a county function. Moreover, a commissioners court may accept a donation subject to the condition that it be used to improve a particular road if the court finds the condition to be reasonable. *See* Tex. Att'y Gen. Op. No. JC-0073 (1999) at 2-3. Therefore, the commissioners court, but not an individual commissioner, may accept donated road material. *See* TEX. LOC. GOV'T CODE ANN. § 81.032 (Vernon Supp. 2004-05).

If a county desires to improve a subdivision road, it must propose and approve repairs consistently with chapter 253 of the Transportation Code. Under section 253.003, a commissioners court may improve a subdivision road "to comply with county standards for roads" if the court "determines that the improvement . . . is necessary for" county residents' health, safety, or welfare. TEX. TRANSP. CODE ANN. § 253.003(1) (Vernon Supp. 2004-05). After a public hearing on the proposed repairs, the "record owner[s] of real property in the subdivision" must vote on whether the county should improve the road. *See id.* § 253.006(a)(1). Chapter 253 indicates that all or part of the costs of the improvement may be assessed against the real property owners. *See id.* §§ 253.003(2) (Vernon Supp. 2004-05), .004 (Vernon 1999), .005 (Vernon 1999), .006(a)(1)-(b) (Vernon Supp. 2004-05), .007(b) (Vernon 1999), .008 (Vernon 1999). Any assessment should take into account the value of the donated road material. And once a county improves a subdivision road, it becomes a county road, and the county must maintain it "according to county road standards." *Id.* § 253.011 (Vernon 1999) (stating that "[a] road improved under this chapter is a county road" and the county must maintain it "according to county road standards"); *see id.* § 253.002 (defining "improvement" to mean "construction or repair").

You ask second about emergency repairs to a public neighborhood road. *See* Request Letter, *supra* note 1, at 1-2. You state that recent rains washed out a "previously accepted neighborhood road" and made it "extremely dangerous to the residents as well as the local school buses." *Id.* at 2. In light of the emergency, county road crews repaired the road. *See id.* The ex officio road commissioner of the precinct in which the road is located "is concerned that the road will revert to a dangerous condition and that the repairs will obligate the county for future repairs." *Id.*

Section 251.053 of the Transportation Code, which pertains specifically to public neighborhood roads, authorizes a commissioners court, following an application and a public hearing, to declare as a public road a line between two persons' locations, a section line, or a

"practical route that is convenient to property owners while avoiding hills, mountains, or streams through any enclosures." TEX. TRANSP. CODE ANN. § 251.053(a)(1)-(3) (Vernon 1999). Section 251.053(f) expressly states that, after a county has made a neighborhood road "initially suitable for use," the commissioners court is not required to maintain the road using county employees. *Id.* § 251.053(f).

It is not clear to us whether this "neighborhood road," as you call it, is a neighborhood road under section 251.053 of the Transportation Code or a subdivision road that has been dedicated and accepted into the county road system under chapter 232 of the Local Government Code. Information we have received indicates that the neighborhood road is located in a subdivision but was "accepted" as a neighborhood road in 2001. *See* San Jacinto County Commissioners Court Meeting Minutes (Jan. 16, 2001) (on file with Opinion Committee). If by this action the county commissioners court accepted the road into the county road system, the commissioners court may maintain and repair it. TEX. TRANSP. CODE ANN. § 251.003(a)(2)-(3) (Vernon 1999). Indeed, if the road is a county road and reverts to a "dangerous condition," *see* Request Letter, *supra* note 1, at 2, the county may be liable for personal injury and death proximately caused by the road's condition. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.021(2), .022 (Vernon 2005).

If the commissioners court did not accept the neighborhood road into the county road system in 2001, however, the emergency repairs that the county has already performed must have been undertaken in compliance with chapter 253, Transportation Code. *See supra* at p. 3. Chapter 253 applies to roads located in a subdivision. Under chapter 253, once the county completed the repairs, the road became a county road, and the county must continue to maintain the road according to county road standards. *See* TEX. TRANSP. CODE ANN. § 253.011 (Vernon 1999).

You ask finally about repairing a private road. *See* Request Letter, *supra* note 1, at 1-2. A private road is privately owned, is not granted for public use, and is maintained by a private owner. *See Cousins v. Sperry*, 139 S.W.2d 665, 667 (Tex. Civ. App.–Beaumont 1940, no writ). You indicate that a private road has been made impassable for a special needs school bus. *See* Request Letter, *supra* note 1, at 2. You question what ramification a private road's "classification" has on the county's authority to perform necessary repairs. *Id.*

A county with a population greater than 5,000 has no constitutional or statutory authority to maintain a private road. *See* Tex. Att'y Gen. Op. No. JC-0288 (2000) at 2. Article III, section 52f of the Texas Constitution expressly permits a county with a population of 5,000 or less to "maintain private roads if it imposes a reasonable charge for the work." TEX. CONST. art. III, § 52f. Larger counties have no parallel authority. Accordingly, the use of county funds, equipment, and materials on a private road would be an unconstitutional use of public funds for a private purpose. *See id.* art. III, § 52(a) (stating that a county may not "grant public money or thing of value" to aid a private purpose); *see La.-Pac. Corp.*, 149 S.W.3d at 264 (suggesting that a commissioners court that spends money on a private road violates "the prohibition against county maintenance of private roads"). Unless the County accepts the road into the county system under Transportation Code section 281.002, or unless the County accepted an implicit dedication or easement in the road prior to section 281.002's effective date (August 31, 1981), *see* Tex. Att'y Gen. Op. No. JC-0503 (2002) at 7, the County may not repair the private road.

## S U M M A R Y

San Jacinto County, with a population of approximately 22,000, may repair a subdivision road and may accept donated road material for the repairs. The County must comply with Transportation Code chapter 253's procedural requirements, however, and the repaired road will become part of the county road system.

If a neighborhood road has been accepted into the county road system under chapter 232 of the Local Government Code, the county must maintain the road. If the county repaired the neighborhood road, which is also a subdivision road, consistently with chapter 253, Transportation Code, the road has become part of the county road system by virtue of the repairs.

The County may not repair a private road.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

NANCY S. FULLER
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General, Opinion Committee